[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 324 
This is an appeal from a judgment entered by the Pickaway County Common Pleas Court affirming the order of the State Employment Relations Board ("SERB") which found that the Pickaway County Department of Human Services ("respondent") did not violate R.C. 4117.11(A)(1), (A)(3) or (A)(5). The appellant, Wendy Lust, assigns the following error for our review:
"Did the court of common pleas commit prejudicial error when it found the decision of SERB to be supported by substantial evidence and not contrary to law?"
The following facts are pertinent to this appeal. On October 6, 1986, the appellant, an employee of the respondent, filed an unfair labor practice charge with SERB, alleging that the respondent had violated R.C. 4117.11(A)(1) and (A)(3) by engaging in certain conduct during the period after the Communication Workers of America ("union") won a representation election, but before it was certified as the exclusive representative of the employees of the respondent. The charge was later amended to include an alleged violation of R.C.4117.11(A)(5).
On June 16, 1989, SERB issued an order in which it found no violation resulting from the respondent's refusal to allow union representation at a meeting with the appellant to discuss the impending abolishment of her job. However, SERB found that the respondent had violated R.C. 4117.11(A)(1) by abolishing the appellant's position and laying off the appellant when the question of representation was pending. SERB reasoned that the respondent had, without rationale or explanation, disrupted the status quo at a time when the outcome of the representation election was in question.
The respondent appealed this decision and the trial court reversed. The trial court determined that there was no violation of R.C. Chapter 4117 because the "status quo" issue had never been presented or argued at the hearing. SERB appealed this decision to this court. We remanded the case to SERB to "fully and fairly litigate the `change in status quo' issue."Pickaway Cty. Dept. of Human Serv. v. State Emp. Relations Bd.
(Jan. 16, 1992), Pickaway App. No. 90CA12, unreported, at 5, 1992 WL 10137. *Page 325 
On remand, the parties submitted several stipulations, including the following. The appellant had been employed in a parttime position as an Income Maintenance Worker. The appellant voted in the representation election. After the election, but before certification, the appellant was notified that her parttime position was being abolished and that she was being offered a fulltime position. The appellant was also informed of the rationale for the job abolishment by a letter from the respondent. The letter, which was entered into evidence without objection, essentially stated that the position was being abolished because problems had arisen when clients in the parttime worker's caseload had emergency assistance requests or changes on days in which the parttime worker was not there, which requests had to be acted upon immediately. As a result, another caseworker had to attend to these situations as well as his or her normal activities.
The respondent indicated that he was prepared to meet with the appellant to discuss the matter, and the appellant asked for such a meeting and requested that a union representative be present. The meeting was then scheduled but eventually canceled, because the respondent stated that he would not meet with the union representative at any time to discuss the matter. The respondent never requested negotiations with the union, and the union, other than the appellant, never requested to negotiate regarding the job abolishment.
The appellant submitted medical documentation that she was physically unable to work on a fulltime basis. Upon examining this documentation, the respondent notified the appellant that he considered the matter closed. On September 22, 1986, the layoff of the appellant became effective. The union was certified on December 11, 1986.
The number of employees in the bargaining unit was not reduced by the abolishment of the appellant's position. Also, wage rates and starting, lunch and quitting times for bargaining unit employees remained the same before and after the job abolishment.
Based on these stipulations, SERB determined that the respondent had not violated R.C. 4117.11(A)(1), (A)(3), or (A)(5) when it abolished the appellant's parttime position while simultaneously creating a fulltime position. SERB reasoned that because the appellant had been given a rationale for the abolishment of her position, no union animus was involved, the number of bargaining units was not reduced by the abolishment, and none of the other employee's employment conditions changed because of the abolishment, it could not reasonably conclude that employees were interfered with, restrained or coerced in the exercise of their protected rights under R.C. Chapter 4117. SERB found that the respondent had essentially maintained the status quo during the postelection, precertification period, despite the job abolishment. *Page 326 
The appellant appealed this decision to the trial court. On November 4, 1994, the trial court issued its opinion. On December 20, 1994, the trial court filed its judgment entry in which it found SERB's order to be supported by the required quantum of evidence and in accordance with law. This appeal follows.
The appellant submits that the trial court erred when it found SERB's decision to be supported by substantial evidence and not contrary to law. First, we must set out the proper standards of review. A common pleas court can affirm a SERB order if it determines that the order is supported by substantial evidence in the record. Lorain City Bd. of Edn. v.State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 259,533 N.E.2d 264, 265-266. The United States Supreme Court has defined substantial evidence as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, but less than the weight of the evidence. Consolo v. Fed. Maritime Comm.
(1966), 383 U.S. 607, 619-620, 86 S.Ct. 1018, 1026-1027,16 L.Ed.2d 131, 140-141.
Our scope of review of the trial court's decision is even more narrow. We must determine only if the trial court has abused its discretion. Lorain, supra, 40 Ohio St.3d at 260-261,533 N.E.2d at 266-268. An abuse of discretion implies not merely an error in judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. State ex rel.Commercial Lovelace Motor Freight, Inc. v. Lancaster (1986),22 Ohio St.3d 191, 193, 22 OBR 275, 277-278, 489 N.E.2d 288,289-290. Additionally, courts must afford due deference to SERB's interpretation of R.C. Chapter 4117. Lorain, supra, at paragraph two of the syllabus.
The appellant submits that SERB should have followed the precedents established by the National Labor Relations Board ("NLRB"), which the appellant claims hold that any change the employer makes regarding the status quo before certification is an unfair labor practice, regardless of motivation of the employer. The trial court held that SERB did not have to follow the decisions of the NLRB in the interpretation of Ohio law in this case. The trial court reasoned first that there were significant differences between the Ohio statute in question and the analogous federal statute. Also, there was nothing in the Ohio statute to suggest that the legislature intended to strictly follow NLRB's policy. We find that the trial court did not abuse its discretion in determining that SERB's decision not to follow NLRB precedent to be supported by substantial evidence. We note that the Ohio Supreme Court has also declined to follow NLRB precedent in at least one case. See State Emp.Relations Bd. v. Adena Local School Dist. Bd. of Edn. (1993),66 Ohio St.3d 485, 613 N.E.2d 605.
Next, the appellant submits that SERB's order and stated reasons for finding that the respondent had not violated the status quo were unsupported by *Page 327 
the evidence and contrary to law. The appellant argues that SERB should have followed the test outlined in Adena, supra. However,Adena involved the standard of review in a "mixed motive" case, in which there is evidence of both union animus and a legitimate business reason for the employer's actions. In the case subjudice, SERB's initial conclusion that the respondent did not discriminate against the appellant because of her union activities and that the respondent did not have an improper motive for this action was not appealed by the appellant. The trial court therefore accepted this conclusion as fact. We find that the trial court did not abuse its discretion in accepting this conclusion as fact, and therefore, the Adena test is inapplicable here because no union animus was present.
SERB concluded that because no union animus was present, the appellant had received a rationale for her job abolishment, the number of bargaining employees remained the same, and employment conditions remained the same for the other employees, the respondent had not changed the status quo by abolishing the appellant's job and creating a fulltime position. The trial court found that all of SERB's reasons for its holding were supported in the record by the parties' stipulations and the letter the appellant received which set out the rationale for her job abolishment. We find ample support in the record that the trial court did not abuse its discretion in determining that SERB's findings of fact to be supported by substantial evidence.
SERB held that an employer does not violate the status quo if his actions are not motivated by union animus, a satisfactory rationale is given for the actions, the number of bargaining unit employees is not changed and the employment conditions of the bargaining unit employees are not changed. The trial court did not find this holding to be contrary to law. We note that while this standard may differ from the test followed by the NLRB, it appears that no courts in Ohio have decided this issue directly, so due deference must be given to SERB in its interpretation of R.C. Chapter 4117. Lorain, supra, 40 Ohio St.3d 257, 533 N.E.2d 264, at paragraph two of the syllabus. Therefore, in light of the deference to be given to SERB in these matters, we find that the trial court did not abuse its discretion in determining that SERB's holding was not contrary to law.
Accordingly, the appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
PETER B. ABELE, P.J., and HARSHA, J., concur. *Page 328