[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-4607

THE STATE OF OHIO, APPELLEE, *v*. GWYNNE, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607.]**

*Criminal law—Sentencing—R.C.2929.14(C)(4)—Consecutive-sentence findings are not simply threshold findings that, once made, permit any amount of consecutively stacked individual sentences—Consecutive-sentence findings must be made in consideration of the aggregate term to be imposed— Appellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require an appellate court to defer to a sentencing court's findings— Court of appeals' judgment reversed and cause remanded.*

(No. 2021-1033—Submitted June 14, 2022—Decided December 23, 2022.)

APPEAL from the Court of Appeals for Delaware County,

No. 16 CAA12 0056, 2021-Ohio-2378.

_____

**STEWART, J.**

{¶ 1} In this discretionary appeal from a judgment of the Fifth District Court of Appeals, we are asked to determine whether appellant Susan Gwynne's 65-year aggregate sentence for numerous nonviolent felonies violates Ohio's consecutive-sentencing statute, R.C. 2929.14(C)(4), or the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution. Before we begin, however, we must decide (1) whether trial courts must consider the overall aggregate prison term to be imposed when making the consecutive-sentence findings under R.C. 2929.14(C)(4) and (2) what the scope of an appellate court's authority is under R.C. 2953.08(G)(2) to review consecutive sentences. We hold that based on the language of R.C. 2929.14(C)(4), the consecutive-sentence findings are not simply threshold findings that, once made, permit any amount of consecutively stacked individual sentences. Rather, these findings must be made in consideration of the aggregate term to be imposed. Additionally, we hold that appellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require appellate courts to defer to the sentencing court's findings in any manner. Instead, the plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly does not support the consecutive-sentence findings.

{¶ 2} Because the Fifth District did not have the benefit of this court's clarification on how R.C. 2929.14(C)(4) and R.C. 2953.08(G)(2) are to be applied, we reverse the Fifth District's judgment affirming Gwynne's 65-year sentence and remand this case to the appellate court so that it may consider whether the record in this case clearly and convincingly does not support the consecutive-sentencing findings under R.C. 2929.14(C)(4) as they pertain to the sentencing court's order of consecutive sentences on each count. We dismiss Gwynne's second proposition of law concerning her Eighth Amendment claim as having been improvidently accepted.

**Facts and Procedural History**

{¶ 3} This is the second time this case is before us on appeal. The underlying facts of the case are detailed at length in our first decision, but will be summarized below.

{¶ 4} For approximately eight years, Gwynne—either in her position as a nurse's aide or while posing as one—stole items of sentimental and monetary value from elderly residents of nursing homes and assisted-living facilities. Gwynne was indicted on 86 felony counts—31 counts of second-degree burglary, 4 counts of third-degree theft, 12 counts of fourth-degree theft, 27 counts of fifth-degree theft, and 12 counts of fifth-degree possessing criminal tools. Gwynne was also charged with 15 first-degree-misdemeanor counts of receiving stolen property.

{¶ 5} After negotiations with the state, Gwynne elected to enter pleas of guilty to 17 counts of second-degree burglary, 4 counts of third-degree theft, 10 counts of fourth-degree theft, and the 15 misdemeanor counts of receiving stolen property. In exchange for Gwynne's guilty pleas, the state dismissed the remaining 55 counts and recommended that a presentence-investigation report be completed before Gwynne's sentencing hearing. At sentencing, the court imposed the following terms of imprisonment: three years for each of second-degree-burglary offenses, 12 months for each of the fourth-degree-theft offenses, and 180 days for each of the misdemeanor receiving-stolen-property offenses. The court made the findings required under R.C. 2929.14(C)(4) for imposing consecutive sentences and ordered the felony sentences to be served consecutively, making Gwynne's aggregate sentence 65 years.

{¶ 6} Gwynne appealed to the Fifth District Court of Appeals and argued that (1) the trial court's findings under R.C. 2929.14(C)(4) were erroneous and not supported by the record and (2) her 65-year sentence violated the Eighth Amendment's prohibition against cruel and unusual punishments. The Fifth District reversed the trial court's judgment. *State v. Gwynne*, 5th Dist. Delaware

No. 16-CAA-12 0056, 2017-Ohio-7570 ("*Gwynne I*"). In doing so, the court of appeals found that although Gwynne's conduct was serious, the 65-year sentence did not comport with the purposes and principles of felony sentencing as set forth in R.C. 2929.11 and 2929.12 and was plainly excessive and shocking for a nonviolent, first-time offender. *Gwynne I* at ¶ 22-30. Nevertheless, the appellate court still agreed that some consecutive sentences were warranted. *Id.* at ¶ 31. Therefore, it modified Gwynne's felony sentences and imposed an aggregate sentence of 15 years, rendering Gwynne's Eighth Amendment claim moot. *Id*. at ¶ 33-38.

{¶ 7} We accepted the state's jurisdictional appeal and reversed the Fifth District's judgment. *See State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169 ("*Gwynne II*"). A majority of the justices of this court agreed that R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a defendant's consecutive sentences using the principles and purposes of felony sentencing as set forth in R.C. 2929.11(A) and (B) and the seriousness and recidivism factors in R.C. 2929.12. *Gwynne II* at ¶ 13-18 (lead opinion); *id*. at ¶ 31-43 (Kennedy, J., concurring in judgment only).[1] We thus reversed the Fifth District's judgment and remanded the case to the court of appeals to consider Gwynne's consecutive-sentencing challenge using the standard of review set forth under R.C. 2953.08(G)(2), which permits reversal or modification of consecutive sentences if the reviewing court clearly and convincingly finds that the record does not support the sentencing court's R.C. 2929.14(C)(4) findings. *Gwynne II* at ¶ 20 (lead opinion).

---

1. This conclusion was later affirmed in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39 (holding that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12").

{¶ 8} On remand, the Fifth District stated again that while consecutive sentences were appropriate and that the findings made by the trial court before imposing consecutive sentences were appropriate, it still disagreed with the number of consecutive sentences that the trial court imposed. 2021-Ohio-2378, 173 N.E.3d 603, ¶ 19-25 ("*Gwynne III*"). Indeed, it stated that the trial court's imposition of a 65-year sentence was "wholly excessive * * * for a non-violent first time felony offender." *Id*. at ¶ 25. In the end, however, the Fifth District reluctantly upheld the 65-year sentence after concluding that "no authority exists for this court to vacate some, but not all of Gwynne's consecutive sentences." *Id*. The Fifth District also rejected Gwynne's Eighth Amendment claim. *Id*. at ¶ 27-31. Quoting this court's decision in *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 23, the Fifth District explained that " '[b]ecause the individual sentences imposed by the court are within the range of penalties authorized by the legislature, they are not grossly disproportionate or shocking to a reasonable person or to the community's sense of justice and do not constitute cruel and unusual punishment.' " *Gwynne III* at ¶ 30.

{¶ 9} Gwynne appealed, and this court accepted review over the following two propositions of law:

> 1. A trial court errs when it sentences a defendant to consecutive terms of imprisonment, when such a sentence is clearly and convincingly not supported by the record.
> 2. A sentence that shocks the conscience violates the Eighth Amendment's prohibition against cruel and unusual punishment, and is thus contrary to law.

*See* 165 Ohio St.3d 1449, 2021-Ohio-3908, 175 N.E.3d 1286.

## Analysis

**{¶ 10}** When a person is sentenced for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently, not consecutively. *See* R.C. 2929.41(A). This is the general rule of law decreed by our state legislature. *See id*; *see also State v. Polus*, 145 Ohio St.3d 266, 2016-Ohio-655, 48 N.E.3d 553, ¶ 10. There are, however, exceptions. At issue here is the exception under R.C. 2929.14(C)(4). *See Polus* at ¶ 10 ("[t]he first sentence of R.C. 2929.41(A) enacts the general rule requiring concurrent sentencing with only clearly delineated exceptions"); *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 21 ("[t]he general principle set forth in the Revised Code is that concurrent sentences are the default and consecutive sentences are the exception"). For the exception under R.C. 2929.14(C)(4) to apply and before the court imposes consecutive sentences, it must make specific findings which are delineated in the statute. Specifically, the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender." *Id*. It must also find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Finally, the court must find at least one of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed

as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*See id.*

{¶ 11} R.C. 2929.14(C)(4) reflects the General Assembly's understanding that while the rule is that a trial court is to impose sentences concurrently, there may be occasions when it is permissible for the trial court to impose sentences consecutively. Therefore, the legislature gave trial courts some leeway to impose sentences consecutively, but only in specified circumstances, set forth in R.C. 2929.14(C)(4). *See State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 15-16; *see also State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 10, *abrogated on other grounds by State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. But that is not all. The legislature provided defendants with the means to challenge their consecutive sentences on appeal: R.C. 2953.08(G)(2)(a) states that an appellate court may increase, reduce, or otherwise modify a sentence or that it may vacate the sentence and remand the case for resentencing when it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).

{¶ 12} But what exactly must a trial court consider when making the R.C. 2929.14(C)(4) findings? Should these findings be made in the abstract without reference to or consideration of how many individual sentences the trial court intends to impose consecutively? Or does R.C. 2929.14(C)(4) require a trial court to make its findings considering each consecutive term of imprisonment a defendant will receive and the aggregate term of imprisonment that will result? And how does R.C. 2953.08(G)(2) instruct appellate courts to review a trial court's

findings? Until today, these questions have remained unanswered by this court, leaving appellate courts to apply the statutes in differing ways. Indeed, the Fifth District noted its frustration with the impossible position it found itself in due to the way in which Ohio appellate courts have interpretated R.C. 2929.14(C)(4) and R.C. 2953.08(G)(2) over the years. *See Gwynne III*, 2021-Ohio-2378, 173 N.E.3d 693, at ¶ 25. Today, we announce that meaningful appellate review of consecutive sentences does exist and that it is wholly supported by the language of R.C. 2929.14(C)(4) and R.C. 2953.08(G)(2). We hold that when a sentencing court makes the statutory findings under R.C. 2929.14(C)(4) for consecutive sentences, it must consider the number of sentences that it will impose consecutively along with the defendant's aggregate sentence that will result. We additionally hold that upon a de novo review of the record, an appellate court may reverse or modify a defendant's consecutive sentences—including the number of consecutive sentences imposed—when it clearly and convincingly finds that the record does not support the trial court's findings.

*R.C. 2929.14(C)(4)*

**{¶ 13}** As indicated above, R.C. 2929.14(C)(4) requires a trial court to make certain findings before imposing consecutive sentences. However, R.C. 2929.14(C)(4) is ambiguous insofar as it does not, on its face, reveal what is meant by the terms "consecutive service" and "consecutive sentences," when these terms are used within the findings. There are two different ways to define these terms. "Consecutive service" and "consecutive sentences" could mean the abstract conceptualization of the terms, as in the service of more than one individual sentence. On the other hand, "consecutive service" and "consecutive sentences" could also mean the consecutive sentence that the trial court actually imposes—that is, the individual prison term on each count that the trial court decides to impose consecutively and the aggregate prison term that results. Because either of these definitions is reasonable, the statutory language is ambiguous. *Lang v. Dir., Ohio*

*Dep't of Job & Family Servs*., 134 Ohio St.3d 296, 2012-Ohio-5366, 982 N.E.2d 636, ¶ 14, quoting *Clark v. Scarpelli*, 91 Ohio St.3d 271, 274, 744 N.E.2d 719 (2001) (" 'A statute is ambiguous when its language is subject to more than one reasonable interpretation' "). Based on the language of the statute as well as longstanding principles of statutory interpretation, we interpret R.C. 2929.14(C)(4) to mean that when the sentencing court makes the consecutive-sentence findings under R.C. 2929.14(C)(4), it must consider the number of consecutive sentences it intends to impose and the aggregate sentence that will result from those consecutive sentences. In other words, the consecutive-sentence findings are not simply threshold findings that, once made, permit any amount of consecutive-sentence stacking.

{¶ 14} When the consecutive-sentencing-findings language in R.C. 2929.14(C)(4) is looked at as a whole, no other option exists but for this court to find that R.C. 2929.14(C)(4) requires the trial court to consider each sentence on individual counts that it intends to impose consecutively on the defendant and the aggregate prison term that will result. For a trial court to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and that consecutive service is necessary to protect the public or to punish the offender, R.C. 2929.14(C)(4), the trial court must know the number of consecutive sentences it is going to be imposing and the aggregate term that will result before it can say that consecutive sentences are necessary and not disproportionate to the conduct or danger the person poses to the public.

{¶ 15} Similarly, we interpret R.C. 2929.14(C)(4)(c) to require a trial court to consider the number of consecutive sentences that it will impose on a defendant along with the aggregate prison term. Before a trial court makes the finding that the defendant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime," it must determine

whether the defendant's criminal history demonstrates the need for a lengthy prison term to adequately protect the public from the threat of future crimes by the defendant. In other words, within the context of R.C. 2929.14(C)(4), whether consecutive sentences are *necessary* to protect the public is completely dependent on whether the defendant's criminal history demonstrates the need for the defendant to be incapacitated by a lengthy term of incarceration. A trial court cannot make this necessity finding without considering the overall prison term that it will be imposing.[2]

{¶ 16} Additionally, R.C. 2929.14(C)(9) states: "When consecutive prison terms are imposed pursuant to * * * [R.C. 2929.14(C)(4)] * * *, the term to be served is the aggregate of all of the terms so imposed." This indicates that the phrases "consecutive service" and "consecutive sentences" in R.C. 2929.14(C)(4) mean the aggregate of all consecutive sentences to be imposed. These phrases do not mean consecutive sentences in the abstract. Also, R.C. 2901.04(A) states that "sections of the Revised Code defining offenses or *penalties* shall be strictly construed against the state, and liberally construed in favor of the accused." (Emphasis added.) And R.C. 1.47(C) states that when a statute is enacted, it is presumed that a "just and reasonable result is intended."

---

2. R.C. 2929.14(C)(4)(a) and (b) do not require a trial court to consider the number of consecutive sentences that it will be imposing or the aggregate sentence that it intends to impose. R.C. 2929.14(C)(4)(a) involves the more-or-less ministerial finding that the defendant committed the offense or offenses in question while (1) awaiting trial or sentencing, (2) on postrelease control for a prior offense, or (3) serving a sanction under R.C. 2929.16 (community-residential sanction), R.C. 2929.17 (nonresidential sanction), or R.C. 2929.18 (financial sanction). R.C. 2929.14(C)(4)(b) requires the court to find that none of the *individual sentences* it imposed on the defendant sufficiently reflects the seriousness of the defendant's conduct because the resulting harm of those offenses was so great or unusual. Although R.C. 2929.14(C)(4)(b) requires the court to consider the overall necessity of consecutive sentences by requiring that it consider whether, if all the sentences were imposed concurrently, the longest individual sentence adequately reflects the seriousness of the defendant's conduct, it does not require the court to necessarily consider the number of consecutive sentences it intends to impose or the defendant's aggregate sentence when making this finding.

**{¶ 17}** Liberally construing R.C. 2929.14(C)(4) and giving it a more just and reasonable construction leads this court to determine that sentencing courts must consider whether the consecutive terms the court intends to impose are necessary to protect the public and whether those terms are proportionate to the defendant's conduct, not whether any hypothetical consecutive sentence might be necessary or proportionate. Accordingly, authority exists for an appellate court to vacate some—but not all—of the consecutive sentences that a trial court has imposed. This authority exists within the language of R.C. 2929.14(C)(4) and R.C. 2953.08(G)(2). All that is required pursuant to R.C. 2953.08(G)(2) is that the appellate court clearly and convincingly find that the record does not support the trial court's necessity or proportionality findings in light of the actual number of consecutive terms that it imposed and the resulting aggregate sentence.[3]

*The standard of appellate review under R.C. 2953.08(G)(2) of consecutive*

*sentences*

**{¶ 18}** R.C. 2953.08(G)(2) gives some amount of deference to a trial court's decision concerning consecutive sentences. But this deference—unlike types of deference that are more traditionally associated with appellate review—does not stem from any obligation on the part of the appellate court to defer to the trial court's findings. Instead, it comes from the legislature's determination that an appellate court must use a higher evidentiary standard—as opposed to the one the trial court uses when making the findings—when it reviews the record and determines whether to exercise its authority under R.C. 2953.08(G)(2) to reverse or modify the trial court's order of consecutive sentences.

---

3. The dissenting opinion agrees with the majority opinion that each count that a trial court imposes consecutively and the overall aggregate prison term that results is integral to the necessity and proportionality findings. Dissenting opinion, ¶ 68, While there are no "magic words" that need to be made by the trial court, those considerations are integral to the consecutive-sentence findings that are made, and each stacked prison term and the overall prison term is wholly reviewable under the standard set forth in R.C. 2953.08(G)(2).

**{¶ 19}** To understand how this works, it is helpful to first explain what types of deference R.C. 2953.08(G)(2) does not require. R.C. 2953.08(G)(2) does not require the high level of deference that comes with an abuse-of-discretion standard of review. This type of deference would permit a court of appeals to modify a defendant's sentence or to vacate the sentence and remand only when no sound reasoning process can be said to support the decision, or where the trial court exhibited an arbitrary or unconscionable attitude when it imposed the consecutive sentences. *See AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). In fact, R.C. 2953.08(G)(2) explicitly rejects an abuse-of-discretion standard of review. *See* R.C. 2953.08(G)(2) ("[t]he appellate court's standard for review is not whether the sentencing court abused its discretion"). R.C. 2953.08(G)(2) also does not state that an appellate court give intermediate or even minimal deference to a trial court's consecutive-sentence findings by applying a "substantial evidence" or a "clearly erroneous" standard of review.[4] Rather, the standard of appellate review for consecutive sentences is exactly what R.C. 2953.08(G) states—that unless the appellate court clearly and convincingly finds that the record does not support the trial court's findings, it may not reverse or modify the trial court's imposition of consecutive sentences. As we have previously stated and repeated:

---

4. The "substantial evidence" and "clearly erroneous" standards of review have a reviewing court apply intermediate to minimal deference to a trial court's findings—in other words, these standards of review are between a de novo and an abuse-of-discretion review. A trial court's finding is "clearly erroneous" when, even though there is some evidence to support the finding, the reviewing court, in considering the entire body of evidence, is left with the definite and firm conviction that a mistake had been committed. *Ancheta v. Daly*, 77 Wash.2d 255, 259, 461 P.2d 531 (1969). The United States Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. of New York v. Natl. Labor Relations Bd.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938); *see also State Emp. Relations Bd. v. Pickaway Cty. Dept. of Human Servs.*, 108 Ohio App.3d 322, 326, 670 N.E.2d 1010 (4th Dist.1995).

> "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22 quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 20} It is important to understand that the standards referenced above have very specific meanings and fall into one of two categories—either a standard of review or an evidentiary standard of proof. "Abuse of discretion," "clearly erroneous," and "substantial evidence" are traditional forms of appellate-court deference that are applied to a trial court's decisions. They are standards of review that are applied by a reviewing court to certain decisions that are made by a fact-finder. They are, in essence, screens through which reviewing courts must view the original fact-finder's decision. In contrast, "preponderance," "clear and convincing," and "beyond a reasonable doubt" are evidentiary standards of proof. These standards apply to a fact-finder's consideration of the evidence. R.C. 2953.08(G)(2)'s requirement that appellate courts apply the clear-and-convincing standard on review indicates that the legislature did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences.

{¶ 21} In this role as a finder of fact, the appellate court essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance. There are three key differences, however. The first difference, which is discerned from the language of R.C. 2953.08(G)(2), is that the appellate

court is constrained to considering only the findings in R.C. 2929.14(C)(4) that the trial court has actually made. In other words, a reviewing court cannot determine for itself which of the three permissible findings within R.C. 2929.14(C)(4)(a)-(c) might apply to satisfy the third required finding for imposing consecutive sentences, as the trial court is permitted to do. The second difference involves the standard of proof. Whereas the trial court's standard of proof under R.C. 2929.14(C)(4) is a preponderance of the evidence—i.e., that when considered as a whole, the evidence demonstrates that the proposition of fact represented by the finding is more likely true, or more probable, than not—an appellate court applies a clear and convincing evidence standard of proof. And the third difference is the inversion of the ultimate question before the court. Whereas the trial court is tasked with determining whether the proposition of fact represented by each finding is more likely—or more probably—true than not, an appellate court's task is to determine whether it has a firm belief or conviction that the proposition of fact represented by each finding is not true on consideration of the evidence in the record.

{¶ 22} Thus, when viewed in its proper context, the deference that a trial court's consecutive-sentence findings receive comes from the language of R.C. 2953.08(G)(2), which imposes a higher evidentiary standard to reverse or modify consecutive sentences. It does not stem from any statutory requirement that the appellate court defer to the trial court's findings when considering whether reversal or modification is appropriate under R.C. 2953.08(G)(2).

{¶ 23} A trial court makes its consecutive-sentencing findings using a preponderance-of-the-evidence standard—i.e., a more-likely-than-not standard. But pursuant to R.C. 2953.08(G)(2), the appellate court can reverse or modify the trial court's order of consecutive sentences if it clearly and convincingly finds that the record does not support the findings. The evidentiary standard for *changing* the trial court's order of consecutive sentences is not deference to the trial court; the

evidentiary standard is that the appellate court, upon a de novo review of the record and the findings, has a "firm belief" or "conviction" that the findings—the criteria mandated by the legislature to be met before the exception to concurrent sentences can apply—are not supported by the evidence in the record. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 22; *see also Ledford* at 477. It is important to note that although the clear-and-convincing-evidence standard imposes a higher evidentiary standard for changing a trial court's order of consecutive sentences, the level of certainty required to reverse or modify an order of consecutive sentences under the clear-and-convincing standard "does not mean clear and *unequivocal*" (emphasis sic.) *Ledford* at 477, again, it means only a firm belief or conviction, *see id.*; *see also Marcum* at ¶ 22.

*Practical guidance for consecutive-sentence review*

{¶ 24} The holdings in this case clarify how consecutive sentences are to be imposed and reviewed and are in accord with the legislature's intentions. However, given the complex history of R.C. 2929.14(C) and R.C. 2953.08(G)(2)[5]—including this court's interpretation of these statutes and the confusion that appears to have resulted from both our decisions and courts of appeals' decisions—we feel it necessary to offer some practical guidance on consecutive-sentence review.

{¶ 25} The first step in consecutive-sentence review is to ensure that the consecutive-sentence findings under R.C. 2929.14(C)(4) have been made—i.e., the first and second findings regarding necessity and proportionality, as well as the third required finding under R.C. 2929.14(C)(4)(a), (b), or (c). If the trial court

---

5. *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 24-32 (8th Dist.) (Boyle, J., dissenting), *Marcum* at ¶ 12-16, and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16-23, provide a thorough explanation of the two statutes' convoluted history. The history of these statutes points out exactly why the dissenting opinion is incorrect in its declarations that this majority opinion takes liberties with what the legislature intended appellate review of consecutive sentences to encompass. The legislature enacted the consecutive sentences statute to make it harder for trial courts to impose consecutive sentences and intended for there to be meaningful review of those sentences under R.C. 2953.08(G)(2).

fails to make these findings, and that issue is properly raised on appeal, then the appellate court must hold that the order of consecutive sentences is contrary to law and either modify the sentence or vacate it and remand the case for resentencing. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 36-37; *see also State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001), *abrogated on other grounds by State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470; R.C. 2953.08(G)(2)(b).

{¶ 26} If the appellate court determines that the R.C. 2929.14(C)(4) consecutive-sentence findings have been made, the appellate court may then determine whether the record clearly and convincingly supports those findings. Depending on the appeal and the arguments raised, an appellate court may be asked to review only one of the trial court's findings. Or it may be asked to review two or more of the findings. The point here is that if even one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2), then the trial court's order of consecutive sentences must be either modified or vacated by the appellate court. *See* R.C. 2953.08(G)(2).

{¶ 27} As we have stated above, the appellate standard of review under R.C. 2953.08(G)(2) is not whether the trial court abused its discretion when it imposed consecutive sentences and intermediate deference to the trial court's findings is not required. An appellate court's review of the record and findings is de novo with the ultimate inquiry being whether it clearly and convincingly finds—in other words, has a firm conviction or belief—that the evidence in the record does not support the consecutive-sentence findings that the trial court made. To reiterate, R.C. 2953.08(G)(2)'s clear-and-convincing standard does not permit—much less require or expect—an appellate court to modify or vacate an order of consecutive sentences only when it is unequivocally certain that the record does not support the findings. It requires that the appellate court vacate or modify the order if, upon

review of the record, the court is left with a firm belief or conviction that the findings are not supported by the evidence.

{¶ 28} When reviewing the record under the clear-and-convincing standard, the first core requirement is that there be some evidentiary support in the record for the consecutive-sentence findings that the trial court made. If after reviewing the applicable aspects of the record[6] and what, if any, evidence it contains, the appellate court finds that there is no evidence in the record to support the consecutive sentence findings, then the appellate court must reverse the order of consecutive sentences. A record that is devoid of evidence simply cannot support the findings required by R.C. 2929.14(C)(4); there must be an evidentiary basis upon which these findings rest.

{¶ 29} The second requirement is that whatever evidentiary basis there is, that it be adequate to fully support the trial court's consecutive-sentence findings. This requires the appellate court to focus on both the quantity and quality of the evidence in the record that either supports or contradicts the consecutive-sentence findings.[7] An appellate court may not, for example, presume that because the record contains *some* evidence relevant to and not inconsistent with the consecutive-sentence findings, that this evidence is enough to fully support the findings. As stated above, R.C. 2953.08(G)(2) explicitly rejects this type of

---

6. R.C. 2953.08(F) explains what the "record" entails for purposes of appellate review of consecutive sentences. Specifically, it entails any of the following that may be applicable: written presentence, psychiatric, or other investigative reports submitted to the trial court prior to sentencing; the trial court record in the case in which the sentence was imposed; any oral or written statements made to or by the court at sentencing; and any written findings the court was required to make in connection with a grant of judicial release. R.C. 2953.08(F)(1)-(4).

7. We recognize that there may be many occasions, such as in the instance of a guilty or no-contest plea, in which a record may be slight on appeal. This fact does not change, in any way, the appellate court's responsibility under R.C. 2953.08(G)(2). Regardless of the size of the record, there must still be enough evidence contained within it, in terms of both quantity and quality, to support the consecutive-sentence findings that the trial court made and satisfy the appellate court that the standard for reversal or modification outlined in R.C. 2953.08(G)(2) is not met. We find this consistent with the general rule in Ohio favoring concurrent sentences.

deference to a trial court's consecutive-sentence findings. Instead, a de novo standard of review applies to whether the evidence in the record supports the findings that were made. Under this standard, the appellate court is, in fact, authorized to substitute its judgment for the trial court's judgment if the appellate court has a firm conviction or belief, after reviewing the entire record, that the evidence does not support the specific findings made by the trial court to impose consecutive sentences, which includes the number of consecutive terms and the aggregate sentence that results.

*The dissenting opinion's unfounded accusations*

{¶ 30} Nothing in the dissenting opinion persuasively argues that the language of the statutes at issue, the history of those statutes, or any case law or legal doctrine supports a conclusion any different than the one this decision reaches. The dissenting opinion, which relies more on pejorative labels than on a critical analysis of the sentencing statutes at issue, ignores the simple fact that in reviewing Gwynne's proposition of law No. I, we determined that two questions—each both highly relevant to, and inescapably intertwined with, that proposition of law— needed to be answered before we could reach the ultimate issue whether Gwynne's consecutive sentences should be reversed or affirmed. The prior interpretations and applications of those statutes by lower courts and by this court required clarification.

**Conclusion**

{¶ 31} For the foregoing reasons, we hold that R.C. 2929.14(C)(4) requires trial courts to consider the overall number of consecutive sentences and the aggregate sentence to be imposed when making the necessity and proportionality findings required for the imposition of consecutive sentences. We also hold that appellate review of consecutive sentences under R.C. 2953.08(G)(2) does not require deference to the trial court's findings under R.C. 2929.14(C)(4). We therefore reverse the judgment of the Fifth District Court of Appeals and remand

this case to that court so it may consider whether the record in this case clearly and convincingly does not support the consecutive-sentencing findings under R.C. 2929.14(C)(4) as they pertain to the sentencing court's order of consecutive sentences on each count. We dismiss Gwynne's Eighth Amendment claim as having been improvidently accepted.

Judgment reversed<br>and cause remanded.

O'CONNOR, C.J., and TRAPP and BRUNNER, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by FISCHER and DEWINE, JJ.

MARY JANE TRAPP, J., of the Eleventh District Court of Appeals, sitting for DONNELLY, J.

_____

**KENNEDY, J., dissenting.**

**{¶ 32}** This is the second time we have considered whether the trial court properly imposed consecutive sentences. While we can debate the wisdom of the sentences imposed and whether the sentences imposed were prudent, the trial court followed the law and the appellate court properly reviewed and affirmed the trial court's judgment. So once again, I dissent.

**{¶ 33}** The *only* issue before this court is whether the plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings. It does unless those findings are clearly unsupported by the record. Here, the appellate court applied that standard and could not clearly and convincingly find that the record did not support the trial court's findings for consecutive sentences. But the majority decides this case on other issues to achieve the outcome it wants.

**{¶ 34}** First, the majority holds that R.C. 2953.08(G)(2) requires an appellate court to review a trial court's consecutive-sentence findings de novo, which is just contrary to the plain language of the statute. Second, it holds that R.C.

2929.14(C)(4) requires the trial court to consider the aggregate prison term it will impose when making necessity and proportionality findings and that when the appellate court reviews those consecutive sentences, it must consider whether the trial court considered the aggregate prison term. But R.C. 2929.14(C)(4) does not say that. And appellant, Susan Gwynne, never argued as part of proposition of law No. I that R.C. 2929.14(C)(4) requires both trial and appellate courts to consider a defendant's aggregate prison term when imposing or reviewing consecutive sentences. Therefore, the majority is beyond the scope of this appeal. *See Ayers v. Cleveland*, 160 Ohio St.3d 288, 2020-Ohio-1047, 156 N.E.3d 848, ¶ 27.

{¶ 35} Because the appellate court followed the law by applying the correct standard of review and affirmed the trial court's imposition of consecutive sentences, this court should affirm the judgment of the Fifth District Court of Appeals. Because the majority does otherwise, I dissent.

### FACTS AND PROCEDURAL HISTORY

{¶ 36} As set forth above, this is the second time this matter has come before this court. *See State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169 ("*Gwynne I*"). I agree with the facts and procedural history as set forth in the majority opinion and rely on them. However, to understand why the majority is wrong and is itself creating an issue that is not properly before this court, it is necessary to develop in greater detail Gwynne's arguments in *Gwynne I* and *State v. Gwynne*, 2021-Ohio-2378, 173 N.E.3d 603 (5th Dist.) ("*Gwynne II*").

### *Gwynne I*

{¶ 37} In her first appeal to the Fifth District Court of Appeals, Gwynne advanced two assignments of error. *See State v. Gwynne,* 5th Dist. Delaware No. 16-CAA-12 0056, 2017-Ohio-7570: (1) "[t]he trial court erred by sentencing [Gwynne] to a prison sentence in contravention of the sentencing statutes," *id*. at ¶ 15, and (2) "[t]he trial court erred by imposing a sixty five year sentence in

20

violation of the Eighth Amendment to the United Sates Constitution's prohibition against cruel and unusual punishment," *id*. at ¶ 16.

{¶ 38} In support of her first assignment of error, Gwynne argued that the trial court's seriousness and recidivism findings pursuant to R.C. 2929.12 were not supported by the record and that her sentence did not comport with the purposes and principles of felony sentencing pursuant to R.C. 2929.11. She also disagreed with the trial court's consecutive-sentence findings pursuant to R.C. 2929.14(C)(4).

{¶ 39} In support of her second assignment of error, Gwynne argued that her 65-year sentence was shocking to the sense of justice in the community for a first-time, nonviolent offender. 2017-Ohio-7570 at ¶ 30. Therefore, she argued, her sentence was grossly disproportionate to the offenses she committed and was unconstitutional.

{¶ 40} The Fifth District reversed the judgment of the trial court. While recognizing the seriousness of Gwynne's conduct, it determined that a 65-year sentence did not comply with the purposes and principals of felony sentencing as set forth in R.C. 2929.11 and 2929.12. It concluded that while consecutive sentences were warranted, it reduced Gwynne's aggregate prison term from 65 years to 15 years.

{¶ 41} This court accepted the state's appeal and reversed the judgment of the court of appeals. *Gwynne I*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, at ¶ 20. This court held that a court of appeals may not review a trial court's imposition of consecutive sentences under R.C. 2929.11 and 2929.12, but a court of appeals may review a trial court's imposition of consecutive sentences for compliance with R.C. 2929.14(C)(4). *Gwynne I* at ¶ 18 (lead opinion). This court then remanded the case to the court of appeals with "instructions to consider Gwynne's assignment of error on consecutive sentences using the standard of review set forth under R.C. 2953.08(G)(2)." *Id.* at ¶ 20.

*Gwynne II*

**{¶ 42}** After this court remanded Gwynne's case to the Fifth District, she was granted leave to file supplemental briefing.  Her supplemental brief advanced the following assignments of error and issues presented for review:

> Assignment of Error I:  The trial court erred by sentencing [Gwynne] to a prison sentence in contravention of the sentencing statutes.  (Nov. 23, 2016, Amended Judgment Entry on Sentence.)
>
> Issue presented for review: Does the record support the imposition of consecutive sentences upon * * * Gwynne for offenses that involved neither a weapon, nor actual or threatened physical harm to any individual, nor great financial harm?
>
> Assignment of Error II: The trial court erred by imposing a 65-year sentence in violation of the Eighth Amendment to the United States Constitution's prohibition against cruel and unusual punishment.   (Nov. 23, 2016, Amended Judgment Entry on Sentence.)
>
> Issue presented for review: Does a prison sentence of 65 years for offenses that involved neither a weapon, nor actual or threatened physical harm to any individual, nor great financial harm constitute cruel and unusual punishment?
>
> Assignment of error III: Ohio's consecutive-sentence statute is unconstitutional, because it permits trial courts to impose life-without-parole-equivalent sentences that shock the conscience, and thus constitute cruel and unusual punishment.  (Nov. 23, 2016, Amended Judgment Entry on Sentence.)

Issue presented for review: Is Ohio's consecutive-sentence statute unconstitutional, due to its failure to prevent trial courts from imposing sentences that violate the Eighth Amendment?

Assignment of Error IV: * * * Gwynne's guilty pleas were not made knowingly, intelligently, and voluntarily. (Plea Change Tr. 17-18; Change of Plea and Judgment Entry, Sept. 23, 2016.)

Issue presented for review: When the trial court did not inform * * * Gwynne of the maximum penalty she faced before she entered her guilty pleas, were those pleas made knowingly, intelligently, and voluntarily?

{¶ 43} After consideration of the assignments of error and issues presented for review, the Fifth District affirmed Gwynne's 65-year sentence. *Gwynne II*, 2021-Ohio-2378, 173 N.E.3d 603, at ¶ 19-25. While the court of appeals still considered the sentence "wholly excessive" for a nonviolent, first-time felony offender, it concluded that "no authority exists for this court to vacate some, but not all of Gwynne's consecutive sentences." *Id.* at ¶ 25. Applying the standard set forth in R.C. 2953.08(G)(2), the court of appeals could not clearly and convincingly find that the record failed to support the trial court's consecutive-sentence findings. *Gwynne II* at ¶ 25-26.

{¶ 44} Gwynne appealed to this court, and we accepted the following two propositions of law:

Proposition of law No. I: A trial court errs when it sentences a defendant to consecutive terms of imprisonment, when such a sentence is clearly and convincingly not supported by the record.

> Proposition of law No. II: A sentence that shocks the conscience violates the Eighth Amendment's prohibition against cruel and unusual punishment, and is thus contrary to law.

*See* 165 Ohio St.3d 1449, 2021-Ohio-3908, 175 N.E.3d 128.

{¶ 45} Because the majority has dismissed Gwynne's proposition of law No. II as having been improvidently accepted, this dissent is limited to Gwynne's proposition of law No. I.

{¶ 46} In support of proposition of law No. I, Gwynne argues that the imposition of consecutive sentences, totaling 65 years, was clearly and convincingly not supported by the record because

- no weapons were involved,
- no individual was physically harmed or threatened with physical harm,
- the total amount of restitution ordered was less than $10,000,
- * * * Gwynne has no prior felony record,
- * * * Gwynne accepted responsibility and expressed remorse for her actions, and
- she is in the low to moderate risk category for likelihood of reoffending.

{¶ 47} In other words, because she did not have a weapon, inflict or threaten physical harm, took responsibility for her crimes, expressed remorse, and was ordered to pay an amount of restitution under $10,000, the trial court could not impose consecutive sentences. But that is just not what the law says.

## LAW AND ANALYSIS

*Standard of review—statutory construction*

{¶ 48} Gwynne's proposition of law No. I raises a question of statutory interpretation. De novo review applies to questions of statutory interpretation. *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, 938 N.E.2d 342, ¶ 8. And when a court is interpreting a statute, its main objective is to give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees*, 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said," *Jones v. Action Coupling & Equip., Inc.*, 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶ 12, and apply it as written, *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18.

*Legislative authority to enact sentences*

{¶ 49} The constitutional authority to legislate was conferred solely on the General Assembly, Article II, Section 1, Ohio Constitution, and it is the province of the General Assembly to make policy decisions, *Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212. It is undisputed that "[j]udicial policy preferences may not be used to override valid legislative enactments." *State v. Smorgala*, 50 Ohio St.3d 222, 223, 553 N.E.2d 672 (1990), *superseded by statute on other grounds as stated in State v. Mayl*, 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 54.

{¶ 50} The legislature "is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio." *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 12. "Judges have no inherent power to

create sentences," and instead "are duty-bound to apply sentencing laws as they are written." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, citing Griffin & Katz, *Ohio Felony Sentencing Law*, Section 1:3, at 4, fn. 1 (2008), *overruled on other grounds by State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248.

**{¶ 51}** Gwynne's proposition of law No. I brings R.C. 2953.08(G)(2) squarely into review.

*R.C. 2953.08(G)(2) is unambiguous and provides appellate courts with limited authority to review consecutive sentences*

**{¶ 52}** Appellate review of criminal sentences is governed by R.C. 2953.08. This court has recognized that "[o]rdinarily, appellate courts defer to trial courts' broad discretion in making sentencing decisions," and R.C. 2953.08(G) reflects that deference. *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10 (lead opinion). R.C. 2953.08(G)(2)(a) provides:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's *standard for review is not* whether the sentencing court *abused its discretion*. The appellate court may take any action authorized by this division if it *clearly and convincingly finds* * * *:
>
> (a) That the *record does not support* the sentencing court's findings under division * * *(C)(4) of section 2929.14 * * *.

(Emphasis added).

{¶ 53} The language of R.C. 2953.08(G)(2) mandates that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not "clearly and convincingly" support the trial court's R.C. 2929.19(C)(4) consecutive-sentence findings. The clear-and-convincing standard for appellate review in R.C. 2953.08(G)(2) is written in the negative.

{¶ 54} An appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences. It does not require that the appellate court have a firm belief or conviction that the record supports the findings. This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court.

{¶ 55} We have defined "clear and convincing evidence" as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 56} Because the Fifth District correctly applied this deferential standard and did not find that the record did not support the consecutive-sentence findings of the trial court, Gwynne's consecutive sentences must be affirmed. But the majority interjects, without any supporting authority, that R.C. 2953.08(G)(2) requires the appellate court to review the record de novo, but that is contrary to the plain language of the statute set forth above.

**{¶ 57}** De novo review requires a court to exercise its independent judgment, *Lincoln Properties, Inc. v. Goldslager*, 18 Ohio St.2d 154, 159, 248 N.E.2d 57 (1969), which is contrary to the plain language of R.C. 2958.03(G)(2). The legislature knows how to express whether a court should conduct a de novo review. R.C. 2929.05(A), the statute that explains the appellate standard for reviewing a death-penalty sentence, states:

> The court of appeals and the supreme court shall review the judgment in the case and the sentence of death imposed by the court or panel of three judges in the same manner that they review other criminal cases, *except that they shall review and independently weigh all of the facts and other evidence disclosed in the record in the case* and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether the sentence of death is appropriate.

(Emphasis added). Had the General Assembly intended for a court of appeals to conduct a de novo review of the record and the trial court's consecutive-sentence findings, it would have done so. But it did not. De novo review of a trial court's consecutive-sentence findings is simply incongruous with the deference that the legislature stated an appellate court must give those findings in the statutory language of R.C. 2953.08(G)(2). The appellate court may not defer to the trial court's consecutive-sentence findings while at the same time exercising an independent power of review.

### *Gwynne's sentence should be affirmed*

**{¶ 58}** As stated above, this court addresses only one proposition of law. That proposition of law asserts that the trial court erred when it sentenced Gwynne

to consecutive terms of imprisonment when such a sentence is "clearly and convincingly not supported by the record."

**{¶ 59}** The plain language of R.C. 2953.08(G)(2) expresses that an appellate court must defer to a trial court's R.C. 2929.14(C)(4) consecutive-sentence findings unless the record does not support those findings. The Fifth District properly conducted that review. *Gwynne II*, 2021-Ohio-2378, 173 N.E.3d 603, at ¶ 22-26.

**{¶ 60}** At sentencing, the trial court made the required R.C. 2929.14(C)(4) consecutive-sentence findings:

> The felony sentences are imposed consecutively. I find that consecutive sentences are necessary to protect the public from future crime and to punish [Gwynne]. Consecutive sentences are not disproportionate to the seriousness of [Gwynne's] conduct and the danger she poses to the public, and I find at least two of the multiple offenses were committed as part of a course of conduct and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct would adequately reflect the seriousness of [Gwynne's] conduct.

**{¶ 61}** The record in this case does not clearly and convincing fail to support the trial court's findings; in other words, it does not overwhelmingly support a contrary result concerning the imposition of consecutive sentences. Gwynne engaged in an approximately eight-year life of crime, stealing countless items of both financial and personal value from some of the most vulnerable members of society—the elderly who were residing in nursing homes and assisted-living facilities. Many of the elderly victims also suffered from medical or cognitive

issues. Gwynne's actions deprived the victims of their sense of security and their ability to trust their caregivers. She also deprived the victims and their family members of heirlooms and the ability to continue their shared familial heritage. The trial court's imposition of consecutive sentences was not clearly wrong.

{¶ 62} While this determination should end the case, the majority goes on to make holdings that are not argued by Gwynne as part of proposition of law No. I: aggregate prison terms. It holds that R.C. 2929.14(C)(4) requires a trial court to consider the aggregate prison term it will impose when making necessity and proportionality findings and that when an appellate court reviews the trial court's order of consecutive sentences, the appellate court must consider whether the trial court considered the aggregate term imposed. But R.C. 2929.14(C)(4) does not really say that, and that is not part of Gwynne's argument in proposition of law No. I.

*R.C. 2929.14(C)(4) does not require consideration*

*of the aggregate prison term*

{¶ 63} To find that R.C. 2929(C)(4) requires a trial court to consider a defendant's aggregate prison term it plans to impose and that an appellate court must consider the aggregate sentence on de novo review, the majority does a little "ambiguous" magic. It states that R.C. 2929.14(C)(4) is ambiguous because, as used in the statute, the terms "consecutive service" and "consecutive sentences" allegedly have two reasonable meanings. No, they do not. Here is the language in the statute at issue:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to *serve the prison terms consecutively* if the court finds that the *consecutive service is necessary* to protect the public from future crime or to punish the offender

> and that *consecutive sentences* are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following * * *.

(Emphasis added). R.C. 2929.14(C)(4).

{¶ 64} There is only one reasonable meaning of that language. The words "serve" and "service" and the phrase "consecutive sentences" all relate to the same type of prison term the court can impose: consecutive—one after the other. Whether this language is read in isolation or in conjunction with the statutory scheme, it is not ambiguous.

{¶ 65} R.C. 2929.14(A) provides the prison terms a court may impose for felony offenses. R.C. 2929.14(B) establishes the prison terms a court may impose for felony offenses that also have a specification. And R.C. 2929.14(C) provides for when a court must impose consecutive prison terms and the conditions under which a judge may impose consecutive prison terms. As set forth above, R.C. 2929.14(C)(4) establishes the findings that a trial court must make when imposing consecutive sentences. The additional finding that the court must make, which is issue here, is:

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶ 66}** A statute is unambiguous when its text lends itself to one apparent interpretation (even if others are reasonable). A statute is ambiguous when its text supports "two equally persuasive and competing *interpretations* of the law." (Emphasis added.) *Ferrara v. Trumbull Cty. Bd. of Elections*, 166 Ohio St.3d 64, 2021-Ohio-3156, 182 N.E.3d 1142, ¶ 21. Moreover, when interpreting a statute, a court does not declare a statute to be ambiguous merely because there are two different ways to define a statutory term. Instead, the court must simply read the language of the statute, as informed by the canons of construction and context, and determine whether one best reading emerges.

**{¶ 67}** The only reasonable interpretation of R.C. 2929.12(C)(4) is that when a trial court is imposing multiple prison terms, it may order a defendant to serve some or all of those prison terms consecutively if it makes the statutory findings established by the legislature. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. According to the statute, that is all the trial court must do.

**{¶ 68}** The majority is simply reading words into R.C. 2929.12(C)(4) that do not exist when it holds that "findings must be made in consideration of the aggregate term to be imposed." Majority opinion, ¶ 1. To reach that determination, the statute would have to provide (additions are indicated by underlining):

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the <u>aggregate</u> consecutive service <u>of the multiple prison terms</u> is necessary to protect the public from future crime or to punish the offender and that <u>aggregate</u> consecutive sentences <u>of the multiple prison terms</u> are not disproportionate to the seriousness of the

offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following * * *.

{¶ 69} Had the General Assembly intended for a trial court to make these findings on the record at the time that the court imposes consecutive sentences, the General Assembly would have included this language. In fact, as the majority notes, the General Assembly uses the term "aggregate" in R.C. 2929.14(C)(9): "[w]hen consecutive prison terms are imposed pursuant to division * * * [(C)](4) * * * the term to be served is the aggregate of all of the terms so imposed." *See* majority opinion at ¶ 16. But the legislature did not use the word "aggregate" in R.C. 2929.14(C)(4).

{¶ 70} Moreover, what exactly does the majority's holding mean? When a trial court orders a defendant to serve multiple consecutive prison terms, of course it knows the amount of time that it has sentenced the defendant to serve. So do trial courts now have to say magical words?

{¶ 71} The legislature is vested with the authority to prescribe punishment for offenses, *Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, at ¶ 12, and judicial policy preferences cannot override it, *Smorgala*, 50 Ohio St.3d at 223, 553 N.E.2d 672. This court is tasked with applying unambiguous laws, not rewriting them to suit judicial preferences. By enlarging the language of the statute, the majority becomes the legislature, which violates the separation-of-powers doctrine. *See id*.

*The majority improperly raises and resolves issues that are not before the court*

{¶ 72} Gwynne's single-minded focus during both *Gwynne I*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, and *Gwynne II*, 2021-Ohio-2378, 173 N.E.3d 603, has been that "the imposition of consecutive sentences is clearly and convincingly not supported by the record." But that is not the issue that the majority has decided.

**{¶ 73}** Instead, the majority has decided "what the scope of an appellate court's authority is under R.C. 2953.08(G)(2) to review consecutive sentences" and "whether trial courts must consider the overall aggregate prison term to be imposed when making the consecutive-sentence findings under R.C. 2929.14(C)(4) and (2)." Majority opinion at ¶ 1. These issues were not raised in Gwynne's proposition of law No. I.

**{¶ 74}** "It has long been the policy of this court not to address issues not raised by the parties. * * * This court should be hesitant to decide such matters for the reason that justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination." *Sizemore v. Smith*, 6 Ohio St.3d 330, 333, 453 N.E.2d 632 (1983), fn. 2. An appellate court relies on the parties in a case to determine the issues and to argue the applicable law:

> "The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but [preside] essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan* (C.A.D.C.1983), 714 F.2d 171, 177. Proceeding to decide an issue not briefed by the parties creates " 'the risk "of an improvident or ill-advised opinion, given [the court's] dependence * * * on the adversarial process for sharpening the issues for decision." ' " *Carbino v. West* (C.A.Fed.1999), 168 F.3d 32, 35, quoting *Headrick v. Rockwell Internatl. Corp.* (C.A.10, 1994), 24 F.3d 1272, 1278, quoting *Herbert v. Natl. Academy of Sciences* (C.A.D.C.1992), 974 F.2d 192, 196.

(Ellipsis and Brackets sic.) *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part).

**{¶ 75}** Perhaps what is most disturbing about the majority answering unraised, unbriefed issues regarding Ohio's sentencing statutes is that appellee, the state of Ohio, has had no ability to weigh in on those questions. Rather than deny the parties notice and an opportunity to be heard, this court should exercise a modicum of judicial restraint and refrain from announcing new standards for consecutive sentences that no party has asked this court to adopt, and the state has had no opportunity to weigh in on.

## CONCLUSION

**{¶ 76}** "[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). "It is not the role of the courts 'to establish legislative policies or to second-guess the General Assembly's policy choices.'" *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 35, quoting *Groch*, 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212. This court must respect the fact that the constitutional authority to legislate was conferred solely on the General Assembly. Article II, Section 1, Ohio Constitution.

**{¶ 77}** The only proposition of law properly before this court is what the plain language of R.C. 2953.08(G)(2) requires an appellate court to do when reviewing the imposition of consecutive prison terms. Because the Fifth District properly applied that standard and could not find that the record did not support the trial court's consecutive-sentence findings, the judgment of the court of appeals should be affirmed. Because the majority holds otherwise, I dissent.

FISCHER and DEWINE, JJ., concur in the foregoing opinion.

————————————

Melissa Schiffel, Delaware County Prosecuting Attorney, and Mark C. Sleeper, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Craig Jaquith, Assistant Public Defender, for appellant.

Dave Yost, Attorney General, Benjamin M. Flowers, Solicitor General, and Diane R. Brey, Deputy Solicitor General, urging affirmance for amicus curiae Ohio Attorney General Dave Yost.

Rion, Rion & Rion, L.P.A., Inc., Catherine H. Breault, and Jon Paul Rion, in support of appellant for amicus curiae Rion, Rion & Rion, L.P.A., Inc.

_____