[Cite as *State v. Spires*, 2023-Ohio-665.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-06-005 |
| | : | O P I N I O N |
| - vs - | | 3/6/2023 |
| | : | |
| JOHN SPIRES II, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2020-2138

Zac Corbin, Brown County Prosecuting Attorney, and Mary McCullen, Assistant Prosecuting Attorney, for appellee.

Bryan Scott Hicks, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, John Spires II, appeals from his conviction in the Brown County Court of Common Pleas after a jury found him guilty of three counts of first-degree felony felonious assault and one count of third-degree felony discharge of a firearm on or near prohibited premises. For the reasons outlined below, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

**Facts and Procedural History**

{¶ 2} On July 1, 2020, the Brown County Grand Jury returned a multi-count indictment charging Spires with the four above-named offenses. The charges arose after Spires twice brandished an AR-15 style firearm and fired multiple gunshots towards three peace officer victims, Deputy Brandon Asbury, Deputy Michael Myers, and Corporal Ryan Wedmore, during an incident that took place on June 22, 2020 in and around Spires' home located in Brown County, Ohio. Spires' attack eventually concluded after one of the officers shot Spires in the hip and in the leg, thus necessitating Spires to surrender before he bled out.

{¶ 3} On April 18, 2022, a jury rendered a verdict finding Spires guilty. A few weeks later, on May 9, 2022, the trial court sentenced Spires to serve a total, aggregate term of a mandatory minimum 18 years in prison, less 672 days of jail-time credit. In so doing, the trial court ordered Spires to serve consecutive mandatory prison sentences of seven, seven, and four years for the three counts of first-degree felony felonious assault, with a concurrent 24-month prison term for the third-degree felony count of discharge of a firearm on or near prohibited premises.

{¶ 4} Prior to issuing its sentencing decision, the trial court noted the "psychological injury" one of the officers suffered as a result of Spires' attack was "palpable" given what was depicted on the three officers' body cameras. The trial court also noted its concern "as it relates to responding officers trying to do their job" and expressed its belief that "this type of an interaction with a citizen is reprehensible, not acceptable." Following these comments, the trial court then made the following consecutive sentence findings pursuant to R.C. 2929.14(C)(4)(b):

> The Court will find that consecutive sentences are necessary to protect the public from future crime and to punish the offender, that they are not disproportionate to the seriousness of his

conduct or to the danger he poses to the public. And, furthermore, that at least two of the multiple offenses, remember we had two different shootings that day, are two different occasions, and the harm caused by the multiple offenses as so u[n]usual that no single prison term adequately reflects the seriousness of the offender's conduct.

The trial court thereafter incorporated those same consecutive sentence findings within its judgment entry of sentence.

### Spires' Appeal and Two Assignments of Error

{¶ 5} On June 2, 2022, Spires filed a notice of appeal. This court held oral argument on Spires' appeal on February 13, 2023. Spires' appeal now properly before this court for decision, Spires raises two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE COURT ERRED IN IMPOSING MANDATORY TIME.

{¶ 8} In his first assignment of error, Spires argues the trial court erred by ordering the prison sentence he received for each of the three counts of first-degree felony felonious assault be served as mandatory prison time. The state concedes, and we agree, that the trial court erred in this regard.

{¶ 9} R.C. 2903.11(D)(1)(b) specifically states that, where the victim of a felonious assault is a peace officer, the trial court shall impose a mandatory prison term only if the peace officer victim suffered serious physical harm as a result of the commission of the offense. *State v. Carnahan*, 3d Dist. Defiance No. 4-14-02, 2015-Ohio-1185, ¶ 16. The record in this case is silent as to whether any of the three peace officer victims, Deputy Asbury, Deputy Myers, or Corporal Wedmore, suffered serious physical harm as a result of Spires' conduct in this case.[1] The trial court therefore erred by ordering the prison sentence

---

1. R.C. 2901.01(A)(5) defines "serious physical harm to persons" to include "[a]ny mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment."

Spires received for each of the three counts of first-degree felony felonious assault be served as mandatory prison time. *See State v. Merriweather*, 12th Dist. Butler No. CA2016-04-077, 2017-Ohio-421, ¶ 60 (trial court erred by ordering appellant's prison sentence for felonious assault be served as mandatory prison time where the circumstances set forth in R.C. 2903.11[D][1][b] did not apply). Accordingly, finding merit to Spires' argument raised herein, Spires' first assignment of error is sustained and this matter must be reversed and remanded to the trial court for resentencing.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE IMPOSITION OF CONSECUTIVE SENTENCES WAS INVALID.

{¶ 12} In his second assignment of error, Spires argues the trial court erred by ordering the prison sentences he received for the three counts of first-degree felony felonious assault be served consecutively to one another. However, when considering our holding above sustaining Spires' first assignment of error and finding this matter must be reversed and remanded for resentencing, we find Spires' argument challenging the trial court's decision to impose consecutive sentences in this case has been rendered moot and need not be considered. *See* App.R. 12(A)(1)(c) (requiring this court to decide each assignment of error and give reasons in writing for its decision "[u]nless an assignment of error is made moot by a ruling on another assignment of error"). Therefore, because Spires' challenge to the trial court's decision ordering the prison sentences he received for the three counts of first-degree felony felonious assault be served consecutively is now moot, we will not consider Spires' second assignment of error.

**Conclusion and Instructions to the Trial Court Upon Remand**

{¶ 13} For the reasons outlined above, we reverse and remand this matter for resentencing. Upon remand, the trial court shall hold a resentencing hearing where it will sentence Spires anew in conformity with Ohio's sentencing structure. This includes the trial

- 4 -

court again considering the relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its sentencing decision.

{¶ 14} During this hearing, the state shall be given the opportunity to more fully develop the record as it relates to what harm, if any, the three peace officer victims, Deputy Asbury, Deputy Myers, or Corporal Wedmore, suffered as a result of Spires' conduct. So too shall Spires be given the opportunity to refute any such attempt made by the state to develop the record in that regard. We find this necessary because, pursuant to R.C. 2929.14(C)(4)(b), consecutive sentences can be imposed where the trial court finds consecutive sentences are necessary to protect the public from future crime or to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and where:

> [a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 15} The trial court shall also comply with the Ohio Supreme Court's recent decision in *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, should it again decide to impose consecutive sentences in this case. In *Gwynne*, the Ohio Supreme Court noted that a trial court's consecutive sentence findings "are not simply threshold findings that, once made, permit any amount of consecutively stacked individual sentences" or "consecutive sentence stacking." *Id.* at ¶ 1, 13. "Rather, these findings must be made in consideration of the aggregate term to be imposed." *Id.* at ¶ 1. That is to say, when a trial court "makes the statutory findings under R.C. 2929.14(C)(4) for consecutive sentences, it must consider the number of sentences that it will impose consecutively along with the defendant's aggregate sentence that will result." *Id.* at ¶ 12.

{¶ 16} For example, whether consecutive sentences are necessary to protect the public is "completely dependent on whether the defendant's criminal history demonstrates the need for the defendant to be incapacitated by a lengthy term of incarceration." *Gwynne*, 2022-Ohio-4607, at ¶ 15. A trial court cannot make this "necessity finding" without considering the overall prison term that it will be imposing, "not whether any hypothetical consecutive sentence might be necessary or proportionate". *Id.* at ¶ 15, 17. This is why, when imposing consecutive sentences, a trial court must consider "each sentence on individual counts that it intends to impose consecutively on the defendant *and* the aggregate prison term that will result." (Emphasis added.) *Id*. at ¶ 14.

{¶ 17} Judgment reversed and remanded.

HENDRICKSON and M. POWELL, JJ., concur.