[Cite as *State v. Mitchell*, 2023-Ohio-813.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                             :

    Plaintiff-Appellee,              :

                                            No. 111685

    v.                                         :

ANTHONY MITCHELL,                     :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 16, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-656631-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Steven N. Szelagiewicz, Assistant
Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Anthony Mitchell ("Mitchell") appeals his 120-month prison sentence, which the court imposed after he pled guilty to three counts of sexual battery. After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.    Facts and Procedural History

{¶ 2}    On May 3, 2022, Mitchell pled guilty to three counts of sexual battery in violation of R.C. 2907.03(A)(1), which are third-degree felonies.

{¶ 3}    Prior to sentencing Mitchell, the court ordered a presentence-investigation report and a mitigation of penalty report, both of which were made part of the record.  These documents allege that Mitchell sexually abused his girlfriend's 12-year-old sister in the summer of 2020.  These reports further show that Mitchell dropped out of school in the 11th grade, was on an IEP while in school, has difficulty reading and writing, and has mental health diagnoses of depression and anxiety.  Additionally, the reports establish that Mitchell had no prior felony convictions.

{¶ 4}    At Mitchell's June 2, 2002 sentencing hearing, the victim's mother addressed the court and stated, in part pertinent to this appeal, the following:

> This has been a long journey.  My daughter has been very conflicted. Four weeks ago I found my daughter in a crack house.  [We] fought in this crack house and it took me two days to obtain her.  I have made 30 missing reports on my daughter in the last six months.  This incident has really [taken] a toll on her.
>
> Now she's currently in treatment as we speak.  Her birthday was yesterday.  She just turned 14.  * * *
>
> * * * I hope that you give him the possible sentence that he deserves because this totally had turned my perfect — my good child into somebody else at a young age.

{¶ 5}    Mitchell addressed the court and stated that he knew what he did was wrong.  Mitchell apologized for his behavior and stated that "[t]his is not me.  This

is truly not me, and my mom didn't raise me to be this way.  * * * It hurt me * * * knowing that I'm hurting people."

{¶ 6} The court stated that it considered the presentence-investigation report, the mitigation of penalty report, "the oral statements made here today," and the plea negotiations.  The court further stated that it based its sentencing decision on "the overriding principles and purposes of felony sentencing, namely to protect the public from future crime by the offender * * * and to punish the offender * * *." The court also "considered the need for deterrence, incapacitation, rehabilitation, and providing for restitution" as well as "the seriousness and the recidivism factors * * *."  The court "ensured that the sentence being imposed does not demean the seriousness of the crime and the impact it has on the victim and is consistent with other similar offenses committed by like offenders."

{¶ 7} The court found "that consecutive sentences [are] necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public."  The court additionally found the following:

> [A]t least two of the multiple offenses were committed as part of one or more courses of conduct.  And the harm caused by two or more or multiple offenses so committed was so great or unusual that no single term for any of the offenses committed as part of any of the courses of conduct adequately reflect the seriousness of the offender's conduct.

> Sir, you have totally destroyed this young child's life.  Who knows if this child will ever be * * * able to get over or get through the crimes you've reaped upon her.

You have stolen her life from her. And, yes, I understand you're going to be a sex offender for the rest of your life, but the crimes you committed here were so great against a child, a 12-year-old, that it warrants a lengthy consecutive prison sentence to protect the public from this conduct again.

{¶ 8} The court imposed a sentence of 36 months in prison, 36 months in prison, and 48 months in prison, to run consecutively for an aggregate of 120 months in prison. It is from this sentence that Mitchell appeals, raising one assignment of error for our review:

I.    Appellant's sentence is clearly and convincingly not supported by the record and is contrary to law.

## II.  Law and Analysis

### A.  Consecutive Sentences

{¶ 9} "[T]o impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Pursuant to R.C. 2929.14(C)(4), the court must find consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and at least one of the following three factors:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} Pursuant to the Ohio Supreme Court's recent holding in *State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607, ¶ 12, the trial court also "must consider the number of sentences that it will impose consecutively along with the defendant's aggregate sentence that will result." *Gwynne* additionally clarified the standard for an appellate court's review of consecutive sentences under R.C. 2953.08(G)(2): "[U]pon a de novo review of the record, an appellate court may reverse or modify a defendant's consecutive sentences — including the number of consecutive sentences imposed — when it clearly and convincingly finds that the record does not support the trial court's findings." *Gwynne* at ¶ 12. "In other words, the consecutive-sentence findings are not simply threshold findings that, once made, permit any amount of consecutive sentence stacking." *Id*. at ¶ 13.

### B. Analysis

{¶ 11} On appeal, Mitchel argues that his "consecutive sentence is clearly and convincingly contrary to law because it is both inconsistent with sentences imposed on similarly situated offenders and is disproportionate to the crime."

{¶ 12} Upon review of the sentencing hearing transcript in the case at hand, we find that the court made the findings required by R.C. 2929.14(C)(4) and incorporated these findings into its sentencing journal entry. Specifically, the court

found that consecutive sentences were necessary to protect the public and punish Mitchell. The court further found that consecutive sentences were not disproportionate to the seriousness of Mitchell's conduct and to the danger that Mitchell poses to the public. The court considered the seriousness of Mitchell's crimes and found that consecutive sentences were "consistent" with sentences for similar offenses. The court further found that, under R.C. 2929.14(C)(4)(b), Mitchell's crimes were part of a "course of conduct," and the harm he caused to the minor victim was so great that no single term of imprisonment would adequately reflect the seriousness of his conduct.

{¶ 13} Turning to the *Gwynne* test, we find that the court considered the number of sentences it imposed consecutively as well as the resulting aggregate sentence. Mitchel pled guilty to three third-degree felonies, each punishable by a prison term of between 12 and 60 months, in six-month increments. *See* R.C. 2929.14(A)(3). The court notified Mitchell that the maximum penalty he faced was 15 years in prison. The court sentenced Mitchell to less than the maximum on each offense and ran the sentences consecutively for an aggregate prison term of 120 months, or ten years, in prison. Upon a de novo review, we clearly and convincingly find that the record supports the trial court's findings and the imposition of consecutive sentences under R.C. 2929.14(C)(4), as well as the three consecutive sentences actually imposed in this case. The trial court noted, and we agree, that the seriousness of Mitchell's conduct in sexually abusing his girlfriend's 12-year-old sister warranted consecutive sentences.

**{¶ 14}** Accordingly, Mitchell's sole assignment of error is overruled.

**{¶ 15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
EMANUELLA D. GROVES, J., CONCUR