[Cite as *State v. Riddle*, 2023-Ohio-1569.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111933 |
| JAMES A. RIDDLE, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 11, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-665945-A, CR-21-666073-A, CR-21-666490-A,
and CR-22-672459-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chauncey Keller, Assistant Prosecuting Attorney, *for appellee*.

Brian A. Smith Law Firm, LLC, and Brian A. Smith, *for appellant*.

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant James Riddle appeals the imposition of consecutive prison sentences in four felony cases. Because the trial court made the necessary findings to impose consecutive sentences and there is competent, credible

evidence within the record to support the imposition of consecutive sentences, we affirm the judgment of the trial court.

## Procedural History and Relevant Facts

### Indictments

{¶ 2} Between December 14, 2021, and July 18, 2022, Riddle was indicted in four separate felony cases. On December 14, 2021, Riddle was indicted in Cuyahoga C.P. No. CR-21-665945-A for one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree, and one count of criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. The indictment arose from conduct occurring on December 6, 2021, in the city of Cleveland, Ohio.

{¶ 3} On December 17, 2021, Riddle was indicted in Cuyahoga C.P. No. CR-21-666073-A for one count of theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. The indictment arose from conduct occurring on December 9, 2021, in the city of Cleveland, Ohio.

{¶ 4} On January 14, 2022, Riddle was indicted in Cuyahoga C.P. No. CR-21-666490-A for one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree; two counts of attempted robbery in violation of R.C. 2923.02 and 2911.02(A)(3), felonies of the fourth degree; one count of impersonating a peace officer in violation of R.C. 2921.51(D), a misdemeanor of the first degree; and one count of soliciting in violation or R.C. 2907.24(A), a

misdemeanor of the third degree. The indictment arose from conduct occurring on December 23, 2021, in the city of Parma Heights, Ohio.

{¶ 5} On July 18, 2022, Riddle was indicted in Cuyahoga C.P. No. CR-22-672459-A for one count of theft of a firearm in violation of R.C. 2913.02(A)(1), with a one-year firearm specification pursuant to R.C. 2941.141(A), a felony of the third degree; one count of theft of a motor vehicle in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; and two counts of receiving stolen property in violation of R.C. 2913.51(A) with one-year firearm specifications pursuant to R.C. 2941.141(A), felonies of the fourth-degree. The indictment arose from conduct occurring on December 5, 2021, in Cleveland, Ohio.

Guilty Pleas and Sentences

{¶ 6} On August 17, 2022, following receipt of discovery and after several pretrial conferences were held, Riddle entered into a plea bargain with the state and was sentenced by the trial court. The trial court imposed an aggregate 72 month (6 year) prison sentence for the four cases.[1] In Cuyahoga C.P. No. CR-21-665945, Riddle entered guilty pleas to an amended indictment: one count of burglary in violation of R.C. 2911.12(B), a felony of the fourth degree; and one count of criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. The trial court imposed a prison term of 18-months on the burglary charge and a 90-day sentence on the criminal damaging charge, ordering the sentences to be

---

[1] Our review of the transcript reveals that trial court imposed an aggregate sentence of 72 months, which is a term of 6 years.

served concurrently. The trial court also ordered restitution in the amount of $479.15.

{¶ 7} In Cuyahoga C.P. No. CR-21-666073, Riddle entered a guilty plea to an amended indictment: one count of unauthorized use of a vehicle in violation of R.C. 2913.03(A), a misdemeanor of the first degree. The trial court imposed a 30-day jail sentence and granted Riddle credit for 30 days served.

{¶ 8} In Cuyahoga C.P. No. CR-21-666490, Riddle entered guilty pleas to an amended indictment: two counts of attempted robbery in violation of R.C. 2902.03 and 2911.02(A)(3), felonies of the fourth degree, and to one count of soliciting in violation or R.C. 2907.24(A), a misdemeanor of the third degree. The trial court imposed a prison sentence of 18 months on each count of attempted robbery and a 30-day jail sentence on the charge of soliciting, granting Riddle 30 days time served. The trial court ordered the two 18-month sentences to be served consecutively to each other and consecutively to the sentences imposed in Cuyahoga C.P. Nos. CR-21-665945 and CR-22-672459.

{¶ 9} In Cuyahoga C.P. No. CR-22-672459, Riddle entered guilty pleas to an amended indictment: one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree, and one count of attempted theft of a motor vehicle in violation of R.C. 2923.02 and 2913.02(A)(1), a felony of the fifth degree. The trial

court imposed an 18-month prison sentence on the count of theft and a 12-month prison sentence on the count of attempted theft.

Sentencing Hearing

{¶ 10} After accepting Riddle's guilty pleas, the trial court proceeded to a sentencing hearing. The state outlined the facts of the several cases, noting that they occurred on different dates, at different times, with different victims. The state related that in Cuyahoga C.P. No. CR-21-665945, during the early morning hours at a bar, Riddle broke into the bar owner's car using propane tanks, took a screwdriver from the car, and then tried to use the screwdriver to break into the bar. Riddle told police that he just wanted to get a drink. The prosecutor related that the bar owner did not want to see Riddle go to prison, but instead wanted to see Riddle get help.

{¶ 11} In Cuyahoga C.P. No. CR-21-666073, the state informed the trial court that Riddle was attempting to steal a car from the MetroHealth Hospital valet area. When apprehended, Riddle told police that he just wanted to go home.

{¶ 12} In Cuyahoga C.P. No. CR-21-666490, the state explained there were four incidences of criminal conduct. In the first incident, Riddle was bothering a woman at a laundromat and he turned a pleasant conversation into a demand for oral sex. The woman ran from the laundromat and called the police. In the second incident, Riddle approached a woman who was in her car in a parking lot. Riddle told the woman that he had a firearm and that this was a robbery. The woman, who had a concealed carry permit, pulled her firearm on Riddle, who fled across the street into a parking lot. This victim appeared at the sentencing hearing and

informed the court that she suffers post-traumatic stress disorder, has changed how she leads her life, and can no longer leave work alone. She requested that the trial court impose a prison sentence.

{¶ 13} After fleeing from his second victim to a parking lot across the street, in the third incident, Riddle approached a person in a vehicle, stated he was a police officer, and demanded that person's car. That person did not comply and drove away. Finally, Riddle approached a fourth victim as she left work and stated he was robbing her. She fled back into the bank she worked at.

{¶ 14} In Cuyahoga C.P. No. CR-22-672459, the victim's son left her car running at a restaurant when he went inside to pick up food. From inside the restaurant, the son saw the car drive away. The car was recovered about 45 minutes later at a gas station. The victim stated there was damage to the car that she did not have repaired. The state related that this victim wanted to see the trial court impose a prison sentence.

{¶ 15} Riddle's counsel addressed the trial court, noted that Riddle had a cognitive disorder as well as a low IQ. Counsel stated that Riddle was remorseful, that his actions occurred after he had been hospitalized due to erratic behavior and that he was placed on medication that "exacerbated" his erratic behavior, and that he had overcome substance abuse issues in the past. Counsel explained that Riddle lost his job and was drinking daily at the bar he attempted to break into and informed the court that Riddle would be accepted at a treatment center if placed on community-control sanctions. Riddle addressed the trial court and apologized "to

all of the victims" explaining that he was not in his right mind. He described drinking from 5:30 a.m. to midday and would go home and pass out.

{¶ 16} Before imposing sentence, the trial court noted that Riddle had a 26-cycle arrest record that included arrests for domestic violence, attempted aggravated burglary, grand theft, receiving stolen property of a motor vehicle, drug abuse, theft, and drug possession. The trial court further noted that Riddle had drug and alcohol treatment several times in the past. The trial court stated to Riddle:

> Like I said, you're a grown man, you make your own choices. You went on a binge terrorizing people in this community and I'm not going to tolerate it, Mr. Riddle. This is terrible what you've done to people. You have entirely displaced their sense of any kind of safety in a world that already isn't very safe.

{¶ 17} Riddle stated that he understood the trial court's statement but said "I wasn't myself." The trial court replied to Riddle:

> Well, it doesn't matter who you were at the time. You are a menace. These are four cases within three weeks, very similar patterns of behavior. And interestingly, several women victims, which seems to be something that you lean towards. I see in the psych report you also – your ex-wife had to file a restraining order against you recently. And you've made sexual comments to somebody in a laundromat, that's totally inappropriate to do. So no, I don't think you're a good candidate for community control.

{¶ 18} In imposing consecutive sentences, the trial court stated that in Case No. 666490, the 18 -month prison sentences were to be served "consecutive to each other, also to be served consecutive to the sentence in 672459 and 665945." The trial court then made the following findings in imposing consecutive sentences:

> The Court has determined that consecutive sentences are necessary to protect the public from future crime and to punish the offender, and

are not disproportionate to the seriousness of your conduct and the danger you pose to the public.

Additionally, the Court finds the following factors: That the offender committed one or more of the multiple offenses — I'm sorry — that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses committed was so great or unusual, that no single prison term adequately reflects the seriousness of the conduct, and that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[2]

**Law and Analysis**

{¶ 19} Riddle's sole assignment of error reads:

The record does not support the trial court's imposition of consecutive sentences on Appellant in case number CR-21-666490.

{¶ 20} Riddle argues that the record does not support the imposition of consecutive sentences because there was no information to support the court's finding made pursuant to R.C. 2929.14(C)(4) that consecutive sentences were necessary to "protect the public from future crime" or to "punish the offender." Riddle argues that the record instead contains a history of mental health and substance abuse issues and that the facts presented to the trial court regarding his crimes do not support the consecutive-sentencing findings made by the trial court. The state argues that consecutive sentences were justified and that the findings made by the trial court were supported by Riddle's criminal history; the number of

---

[2] In the sentencing entry in Cuyahoga C.P. No. CR-21-666490, the trial court journalized its consecutive-sentence findings.

felonies to which he pleaded guilty; the number of victims involved, most of whom were complete strangers; and the harm Riddle caused some victims.

{¶ 21} R.C. 2929.14(C)(4) provides that when imposing consecutive sentences, a sentencing court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that the sentences are not disproportionate to the seriousness of the conduct, and one of the following:

> a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 22} Our review of consecutive sentences is authorized by R.C. 2953.08(G)(2), which provides in relevant part:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4)

of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant.

{¶ 23} In *State v. Gwynne,* Slip Opinion No. 2022-Ohio-4607, ¶ 25, the Ohio Supreme clarified that appellate review of consecutive sentences is a two-step process. First, the reviewing court is to determine whether the findings under R.C. 2929.14(C)(4) were made. *Id.* Riddle does not contest that the trial court made these statutory findings. Next, the appellate court is to "determine whether the record clearly and convincingly supports those findings." *Id.* at ¶ 26. In reviewing the record, the appellate court is to examine "both the quantity and quality of the evidence * * * that either supports or contradicts the consecutive-sentence findings." *Id.* at ¶ 29. Finally, having reviewed the record, if the appellate court finds that

> even one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-convincing standard provided by R.C. 2953.08(G)(2), then the trial court's order of consecutive sentences must be either modified or vacated by the appellate court. See R.C. 2953.08(G)(2).

*Id.*

{¶ 24} Riddle argues that the record in this case does not clearly and convincingly support the imposition of consecutive sentences because of his mental health status, his history of substance abuse issues and prior successful treatment, and the lack of physical harm to his victims. However, in this case, the trial court found that consecutive sentences were necessary to protect the public from future crime or to punish Riddle and that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public. It further

found that at least two of the multiple offenses were committed as part of one or more courses of conduct, that the harm caused by two or more of the offenses committed was so great or unusual that no single prison term adequately reflects the seriousness of the conduct, and that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

{¶ 25} The record supports the trial court's findings that consecutive sentences were appropriate to both punish Riddle and protect the public in light of Riddle's lengthy criminal history and his commission of multiple serious crimes against multiple victims over a three-week period. Further, in light of the particular harm caused to some of Riddle's victims, the record supports the trial court's finding that no single prison term adequately reflects the seriousness of Riddle's conduct. Accordingly, pursuant to R.C. 2953.08(G)(2), we do not clearly and convincingly find that the record does not support the consecutive-sentence findings made by the trial court.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR