[Cite as *State v. Grubb*, 2023-Ohio-2904.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                            Court of Appeals No. OT-22-049

    Appellee                                        Trial Court No. 21CR146

v.

Kyle E. Grubb                                           **DECISION AND JUDGMENT**

    Appellant                                       Decided: August 18, 2023

* * * * *

James VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Kyle E. Grubb, appeals the September 13, 2022

judgment of the Ottawa County Court of Common Pleas, convicting him of six counts of

unlawful sexual contact with a minor, and sentencing him to an aggregate prison term of

nine years. For the reasons that follow, we affirm Grubb's conviction and sentence.

## I.    Background

{¶ 2} Kyle Grubb was charged in a 22-count indictment with six counts of unlawful sexual contact with a minor, violations of R.C. 2907.04(A) and (B)(1), fourth-degree felonies, and 16 counts of corrupting another with drugs, violations of R.C. 2925.02(A)(3) and (C)(1), second-degree felonies.  These charges stemmed from a sexual relationship Grubb had with C.Y., which began when C.Y. was just 14 years old and Grubb was 20.

{¶ 3} Grubb entered a plea of guilty to six counts of unlawful sexual contact with a minor and the remaining counts were dismissed.  The trial court found Grubb guilty and sentenced him to 18 months in prison on each count.  It ordered that all counts be served consecutively to one another, for an aggregate prison term of nine years.

{¶ 4} Grubb appealed.  He assigns a single error for our review:

> The trial court erred by imposing maximum consecutive sentences, when such sentences are clearly and convincingly not supported by the record.

## II.    Law and Analysis

{¶ 5} Grubb challenges the trial court's imposition of maximum, consecutive sentences.  He argues that only the most serious form of an offense warrants a maximum prison term, and the trial court specifically found that this was not the worst form of the offense.  He emphasizes that he had no prior adult record, and the offenses all involved

2.

the same victim, "so it is essentially only one crime, sex with a minor."  Grubb insists

that under *State v. Gwynne*, 2022-Ohio-4607, -- N.E.3d --, we must review his aggregate

sentence de novo, and he implores us to "substitute [our] judgment for the trial court['s]"

and find that an aggregate term of nine years in prison "is clearly and convincingly not

supported by the record."

{¶ 6} The state responds that the trial court made the requisite findings for

imposing consecutive sentences.  It submits that consecutive sentences were imposed

under R.C. 2929.14(C)(4)(b), and *Gwynne* requires consideration of the aggregate of

consecutive sentences imposed only under R.C. 2929.14(C)(4)(a); it is expressly

*in*applicable where the court relies on R.C. 2929.14(C)(4)(b) and (c).[1]  The state

maintains that even if *Gwynne* applied here, the trial court specifically found that the

consecutive sentences should be aggregated under R.C. 2929.14(C)(4)(b), and R.C.

2929.14(C)(4)(b) does not require that the conduct constitute the worst form of the

offense.  It argues that Grubb ignores the plethora of evidence supporting his aggregate

sentence, counters that if Grubb were correct that the six counts in essence constituted

only one offense, the convictions would have merged, and points out that the same

evidence upon which Grubb relies—that the offenses represent repeated encounters with

---

[1] The state has actually made a mistake here.  *Gwynne* at f.n. 2 actually says that consideration of the aggregate of consecutive sentences imposed is required only under R.C. 2929.14(C)(4)(*c*); it is expressly *in*applicable where the court relies on R.C. 2929.14(C)(4)(*a*) and (b).

3.

the same girl—also supports the trial court's finding that the offenses were part of a course of conduct warranting consecutive sentences.

{¶ 7} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} Grubb claims error in the imposition of consecutive sentences under R.C. 2929.14(C)(4), therefore, his challenge falls under R.C. 2953.08(G)(2)(a).

{¶ 9} The Ohio Supreme Court recently clarified how appellate courts should review consecutive sentences in *State v. Gwynne*, 2022-Ohio-4607, -- N.E.3d --.  The court explained that the clear-and-convincing standard of review in R.C. 2953.08(G)(2) "indicates that the legislature did not intend for appellate courts to defer to a trial court's findings but to act as a second fact-finder in reviewing the trial court's order of consecutive sentences." *Id.* at ¶ 20.  Thus, our review of the trial court's findings is de novo. *Id.* at ¶ 27.

{¶ 10} Because appellate review is de novo, "the appellate court essentially functions in the same way as the trial court when imposing consecutive sentences in the first instance." *Id.* at ¶ 21. But there are three important differences: (1) the appellate court can review only the R.C. 2929.14(C)(4) findings that the trial court actually made (i.e., "a reviewing court cannot determine for itself which of the three permissible findings within R.C. 2929.14(C)(4)(a)-(c) might apply * * *"); (2) the appellate court uses a clear-and-convincing standard, as opposed to the trial court's preponderance-of-the-evidence standard; and (3) the "ultimate question" before the appellate court is inverted (i.e., the trial court must determine whether each finding is "more likely—or more probably—true than not, * * *" but the appellate court must determine "whether it has a firm belief or conviction that the proposition of fact represented by each finding is *not* true * * *"). (Emphasis added.) *Id.*

{¶ 11} The court went on to provide "practical guidance" for appellate review of consecutive sentences. *Id.* at ¶ 24. First, the appellate court must ensure that the trial court made each of the findings required by R.C. 2929.14(C)(4). *Id.* at ¶ 25. To impose consecutive sentences, a trial court is required to make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * *;" (2) imposition of consecutive sentences is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *;" and (3) one of the factors in R.C. 2929.14(C)(4)(a) to (c) applies. R.C. 2929.14(C)(4); *State v.*

5.

*Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252. The options for the third finding under R.C. 2929.14(C)(4) are:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

If the trial court fails to make these findings, the sentence is contrary to law. *Gwynne* at ¶ 25.

{¶ 12} The second step the appellate court must take is to determine if the trial court's findings are clearly and convincingly not supported by the record. *Id.* at ¶ 26. The court must vacate or modify the appellant's sentence "if even one of the consecutive-sentence findings is found not to be supported by the record under the clear-and-

6.

convincing standard * * *." *Id.* The clear-and-convincing standard requires the appellate court to have "a firm conviction or belief" that the evidence in the record does not support the trial court's findings. *Id.* at ¶ 27. The Supreme Court made clear that R.C. 2953.08(G)(2) "does not permit—much less require or expect—an appellate court to modify or vacate an order of consecutive sentences only when it is unequivocally certain that the record does not support the findings." *Id.*

{¶ 13} Reviewing the record for clear and convincing evidence requires the appellate court to (1) determine if there is some evidentiary support in the record for the trial court's consecutive sentence findings, and (2) ensure that whatever evidentiary basis exists is "adequate to fully support the trial court's consecutive-sentence findings." *Id.* at ¶ 29. It also requires the appellate court to "focus on both the quantity and quality of the evidence in the record." *Id.*

{¶ 14} The trial court articulated its rationale for its sentence:

> I have considered the Presentence Report in this matter, and, in particular, the victim's statement to our Probation Department, and the victim's own letter that, that she wrote outlining how this has impacted her. I have considered the comments today of Counsel as well as the, the letters received from the victim and her mother. I have considered Defendant's statements as well. And [defense counsel] is right, this is not the worst form of the offense that I've seen in 14 years on this bench, I guess. *But*

7.

*it's still awful.* When I consider the impact that this offense has had on the victim, how it has changed her life, ruined the past several years, and how she will struggle to regain a normal life, which I, I hope she can as you go through counseling and, and treatment and, and whatever else, it takes. It's going to be a struggle. I get that. (Emphasis added.)

{¶ 15} The trial court explicitly found that consecutive sentences are necessary to protect the public or to punish the offender, consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public, and under R.C. 2929.14(C)(4)(b), at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 16} Clearly, the court made all the requisite findings. The question we must resolve then is whether the trial court's findings are clearly and convincingly not supported by the record. We find that the trial court's findings *are* clearly and convincingly supported by the record.

{¶ 17} Working backwards, there is clear and convincing evidence in the record that these offenses were committed as part of a course of conduct. As Grubb acknowledges, he had "repeated encounters" with this 14-year-old victim between

8.

August 10, 2018, and August 9, 2020, during which he engaged in sexual activity with her. Statements from the victim and the victim's mother were read at trial, and describe that Grubb groomed this child, provided her with drugs, and manipulated her psychologically over a period of time. The statements indicate that the victim has had suicidal thoughts, has self-harmed, lives in fear, suffers from anxiety, became drug-addicted, and withdrew from school and activities as a result of Grubb's conduct. We agree with the trial court that the harm caused by Grubb's multiple offenses was so great or unusual that a single prison term of 18 months does not adequately reflect the seriousness of the offenses; an aggregate term of nine years is not disproportionate to the seriousness of Grubb's conduct and to the danger he poses to the public; and consecutive sentences are necessary to punish Grubb or protect the public.[2]

---

[2] Confusingly, *Gwynne* interpreted R.C. 2929.14(C)(4)(c)—and *only* (c)—"to require a trial court to consider the number of consecutive sentences that it will impose on a defendant along with the aggregate prison term." *Id.* at ¶ 15. It reasoned that "[b]efore a trial court makes the finding that the defendant's 'history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime,' it must determine whether the defendant's criminal history demonstrates the need for a lengthy prison term to adequately protect the public from the threat of future crimes by the defendant." *Id.* It concluded that this same consideration is not necessary under R.C. 2929.14(C)(4)(a) or (b). As to (b), its rationale was that:

> R.C. 2929.14(C)(4)(b) requires the court to find that none of the *individual sentences* it imposed on the defendant sufficiently reflects the seriousness of the defendant's conduct because the resulting harm of those offenses was so great or unusual. Although R.C. 2929.14(C)(4)(b) requires the court to consider the overall necessity of consecutive sentences by requiring that it consider whether, if all the sentences were imposed

9.

**{¶ 18}** Finally we briefly address Grubb's other claims—that he committed "essentially one crime" and that the trial court acknowledged that he did not commit the "worst form of the offense." First, Grubb's claim that multiple offenses against a single victim, although committed over a span of years on separate, identifiable occasions, constitute "essentially one crime" is nonsense. The absurdity of this position likely explains Grubb's failure to cite any case law to support it. Second, R.C. 2929.14(C) does not require a court to find that an offense was the "worst form of the offense" before imposing a maximum sentence or ordering maximum sentences for multiple convictions to be served consecutively. *See State v. White*, 6th Dist. Wood No. WD-20-040, 2021-Ohio-987, ¶ 12 (recognizing that R.C. 2929.14(C) previously provided that a maximum sentence could be imposed only upon offenders who committed the worst form of the offense, but observing that this language was deleted from the statute in 2011). The trial court was well within its authority to order consecutive service of multiple maximum sentences for conduct that it found to be "awful," albeit not the worst that he has seen over his judicial career.

---

concurrently, the longest individual sentence adequately reflects the seriousness of the defendant's conduct, it does not require the court to necessarily consider the number of consecutive sentences it intends to impose or the defendant's aggregate sentence when making this finding. (Emphasis in original.)

It *does* appear here that the trial court was deliberate and cognizant of the overall length of the sentence it imposed—it specifically calculated the total sentence at 108 months— i.e., nine years.

10.

Accordingly, we conclude that the record clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4). We find Grubb's assignment of error not well-taken.

### III.    Conclusion

{¶ 19} The trial court made all necessary findings under R.C. 2929.14(C)(4) before imposing consecutive sentences, and the record clearly and convincingly supports those findings. We affirm the September 13, 2022 judgment of the Ottawa County Court of Common Pleas. Grubb is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.      _____

                JUDGE

Christine E. Mayle, J.

Myron C. Duhart, P.J.    _____
CONCUR.            JUDGE


              _____

                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.