[Cite as *State v. Kelly*, 2024-Ohio-2007.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29896 |
| | : | |
| v. | : | Trial Court Case Nos. |
| | : | 2022CR1815;2022CR1950; |
| AMBER N. KELLY | : | 2022CR2015;2022CR2176;2022CR2615 |
| | : | |
| Appellant | : | (Criminal Appeal from Common Pleas |
| | : | Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on May 24, 2024

. . . . . . . . . . .

ARVIN S. MILLER, Attorney for Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, Amber N. Kelly, appeals from her convictions in five cases in the Montgomery County Court of Common Pleas.  She asserts the trial court failed to make the required findings to permit the imposition of consecutive sentences. The State concedes this error. As such, the trial court's judgments will be reversed, and the cases

will be remanded to the trial court for a new sentencing hearing and resentencing.

**Facts and Procedural History**

{¶ 2} Over the course of four months in 2022, Kelly was indicted in five criminal cases involving various fourth or fifth-degree felonies. In Case No. 2022-CR-1815, Kelly pled guilty to grand theft of a motor vehicle, a fourth-degree felony. In Case No. 2022-CR-1950, Kelly pled guilty to trespass in a habitation, a fourth-degree felony. In Case No. 2022-CR-2015, Kelly pled guilty to grand theft of a motor vehicle, a fourth-degree felony. In Case No. 2022-CR-2176, Kelly pled guilty to violating a protection order, a fifth-degree felony. Finally, in Case No. 2022-CR-2615, Kelly pled guilty to illegal use of a minor in nudity-oriented material, a fifth-degree felony. Kelly was sentenced to community control sanctions (CCS) in each of these cases.

{¶ 3} In each case, completion of the MonDay program was a CCS condition. In June 2023, a CCS revocation notice was filed in each case, asserting that Kelly had violated a condition of her CCS by failing to complete the MonDay program.

{¶ 4} In August 2023, the trial court conducted a revocation hearing regarding the five cases. At the hearing, Kelly admitted she had failed to complete the MonDay program. This admission prompted the trial court to revoke Kelly's CCS in each case and to impose an aggregate prison term of 30 months as follows:

Case No. 2022-CR-1815: Six months, consecutive to the sentences imposed in Case Nos. 2022-CR-1950 and 2022-CR-2015;

Case No. 2022-CR-1950: 12 months, consecutive to the sentences imposed in Case Nos. 2022-CR-1815 and 2022-CR-2015;

Case No. 2022-CR-2015: 12 months, consecutive to the sentences imposed in Case Nos. 2022-CR-1815 and 22-CR-1950;

Case No. 2022-CR-2176: 10 months, concurrent to all other sentences;

Case No. 2022-CR-2615: 11 months, concurrent to all other sentences.

In September 2023, Kelly filed a timely notice of appeal.

**Analysis**

{¶ 5} Kelly's sole assignment of error is as follows:

THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO PRISON FOR THIRTY MONTHS, BY IMPOSING CONSECUTIVE SENTENCES FOR FELONIES OF THE FOURTH AND FIFTH DEGREE, WITHOUT MAKING THE NECESSARY FINDINGS AND AGAINST THE INTENT AND PURPOSES OF SENTENCING EXPRESSED BY THE LEGISLATURE, AND CLEARLY AND CONVINCINGLY NOT SUPPORTED BY THE RECORD.

{¶ 6} A trial court has the discretion to impose consecutive sentences but, to do so, the court must make the findings required by R.C. 2929.14(C)(4). These finding are as follows:

(1) consecutive service is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 7} As conceded by the State, the trial court did not fully comply with R.C. 2929.14(C)(4) when imposing the consecutive sentences in these cases. This failure resulted in sentences which were contrary to law. As such, we may either modify the sentences or vacate the sentences and remand the case for a new sentencing hearing. *State v. Gwynne*, 173 Ohio St.3d 460, 2022-Ohio-4607, 231 N.E.3d 1035, ¶ 25, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 36-37, *reconsidered on other grounds in State v. Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, 231 N.E.3d 1109.

**{¶ 8}** We choose to vacate the sentences and remand the case to the trial court for a new sentencing hearing and resentencing. As such, we need not consider at this time Kelly's alternative argument that the trial court's imposition of consecutive sentences was clearly and convincingly not supported by the record.

**{¶ 9}** Kelly's assignment of error is sustained.

## Conclusion

**{¶ 10}** The judgments of the trial court are reversed, and the cases are remanded to the trial court for resentencing.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.