[Cite as *State v. Williams*, 2024-Ohio-3180.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOVON RAYMON WILLIAMS,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
#### Case No. 24 MA 0002

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 22 CR 529

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, Mahoning County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Wesley A. Johnston*, for Defendant-Appellant.

Dated:  August 20, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Jovon Raymon Williams, appeals from a Mahoning County Court of Common Pleas judgment sentencing him to 20 months in prison for having a weapon while under disability. The court ran this sentence consecutively to Appellant's sentence in another Mahoning County Common Pleas case. Appellant asserts that the trial court made insufficient findings to impose consecutive sentences and this Court cannot clearly and convincingly find that the record supported findings warranting consecutive sentences. For the following reasons, we find that the trial court sufficiently met the requirements for imposing consecutive sentences and we affirm the court's judgment and sentence.

{¶2} On July 29, 2022, Appellant pled guilty to aggravated possession of drugs and selling, furnishing, or giving away beer or intoxicating liquors in Mahoning County Court of Common Pleas Case No. 2021 CR 306. The court sentenced Appellant to two years of community control with a condition that he successfully complete the in-house program at Community Corrections Association.

{¶3} On March 15, 2023, Appellant pled guilty to having a weapon while under disability, a third-degree felony under R.C. 2923.13(A)(2)(3). The trial court accepted the parties' plea agreement and sentenced Appellant to six months local incarceration and three years of community control. In its entry, the court advised that if Appellant violated community control, the community control period could be extended, he could be sentenced to a three-year prison term, and/or he could face fines. The court ran the sentence in this case concurrently to Appellant's sentence in Mahoning County Court of Common Pleas Case No. 2021 CR 306.

{¶4} On September 21, 2023, Appellant stipulated to probable cause for committing a community control violation by incurring a charge of domestic violence in Youngstown Municipal Court. Appellant stipulated to the violation on November 6, 2023, and sentencing was scheduled for December 13, 2023.

{¶5} On December 15, 2023, following the community control violation hearing, the court issued a judgment entry imposing a 20-month prison sentence. The court

ordered that sentence to run consecutively to the previous sentence imposed in Mahoning County Court of Common Pleas No. 2021 CR 306. The court issued findings for its decision.

{¶6} On January 4, 2024, Appellant filed a notice of appeal. In his sole assignment of error, Appellant asserts:

**THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS IMPROPER BECAUSE THE TRIAL COURT'S FINDINGS ARE INSUFFICIENT AND THE APPELLATE COURT CAN CLEARLY AND CONVINCINGLY FIND THE RESULT DID NOT SUPPORT THE TRIAL COURT'S CONSECUTIVE SENTENCE FINDING. STATE V. GWYNNE, 2023-OHIO-3851 [sic].**

{¶7} Citing *State v. Marcum,* 2016-Ohio-1002, Appellant asserts that we must affirm his sentence unless the evidence clearly and convincingly fails to support the trial court's findings under the sentencing statute or the sentence is otherwise contrary to law. He contends that the trial court failed to make the necessary findings required by R.C. 2929.14(C) at the sentencing hearing and in its sentencing entry. He further argues that the transcript of the sentencing hearing failed to clearly demonstrate that the trial court performed the proper analysis when it imposed consecutive sentences.

{¶8} Appellant quotes R.C. 2929.14(C)(4), which outlines the circumstances under which a court may impose a consecutive sentence on an offender who commits multiple offenses. He notes that a court may do so when it is necessary to protect the public from future crimes or to punish the offender, and it is not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public. Appellant asserts that the court must also make one of three additional findings: the offender committed offenses while awaiting trial, sentencing, or while on post-release control; the harm was so great or unusual that a single prison term would not adequately reflect the seriousness of the crime; or the offender's criminal conduct history requires consecutive sentences to protect the public from future crimes. R.C. 2929.14(C)(4)(a-c).

{¶9} Appellant contends that his criminal conduct history is not violent. He notes that case number 2021 CR 306 involved an aggravated drug possession charge with a

capias issued because he failed to appear. He also cites his 2010 juvenile record for aggravated robbery, and his only other conviction for a misdemeanor attempted breaking and entering.

{¶10} Appellant also asserts that the trial court failed to indicate that it considered R.C. 2929.11(A), which requires a sentencing court to be guided by the overriding purposes of felony sentencing. Those purposes are to protect the public from future crime, to punish the offender, and to promote the effective rehabilitation of the offender while using minimum sanctions. The statute further requires the court to consider the need to incapacitate the offender, deterring the offender and others from committing future crimes, rehabilitating the offender, and making restitution. R.C. 2929.11(A). Appellant contends that the trial court failed to indicate that it considered these requirements.

{¶11} In addition, Appellant asserts that the trial court failed to consider R.C. 2929.12(B) and R.C. 2929.12(C), which outline the factors a court must consider in felony sentencing. The court must consider the R.C. 2929.12(B) factors in determining if an offender's conduct is more serious than conduct which normally comprises the charged offense. The factors in R.C. 2929.12(C) concern whether the offender's conduct is less serious than the conduct normally constituting the charged offense. Appellant also asserts that the court failed to state at sentencing whether it considered R.C. 2929.12(D), (E), and (F), the factors a court must consider concerning the offender's likelihood of recidivism.

{¶12} Appellee counters that the record supports the trial court's consecutive sentences. Appellee relies on *State v. Whitfield*, 2022-Ohio-4819, ¶ 10 (7th Dist.), quoting *State v. Pendland,* 2021-Ohio-1313, ¶ 41 (7th Dist.):

> A sentence is considered to be clearly and convincingly contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence findings.

{¶13} Appellee also cites *State v. Gwynne*, 2023-Ohio-3851, where the Ohio Supreme Court held that a de novo standard of appellate review does not apply to a trial court's consecutive-sentence findings because it is contrary to the language of R.C. 2953.08. R.C. 2953.08 provides that the appellate standard is not abuse of discretion and clarified the clear and convincing or contrary to law standard. Applying the latter standard, Appellee submits that we cannot clearly and convincingly find that the trial court's imposition of consecutive sentences were without support in the record or otherwise contrary to law.

{¶14} Appellee contends that the trial court granted Appellant two opportunities by imposing community control, and these opportunities were revoked because he committed additional criminal conduct.

{¶15} Appellant's sole assignment of error lacks merit. The trial court's consecutive-sentencing findings are appropriate and the record in this case does not "clearly and convincingly fail to support" those findings. *Gwynne*, 2023-Ohio-3851, ¶ 26.

{¶16} The appellate standard for review on sentencing matters is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). Rather, when reviewing a felony sentence, an appellate court must affirm the sentence unless the evidence clearly and convincingly fails to support the trial court's findings under the sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

{¶17} In *State v. Gwynne*, 2023-Ohio-3851, the Court held that an "appellate court may not defer to the trial court's consecutive-sentence findings while at the same time exercising an independent power of review." Consequently, the Court vacated its decision in prior decision in *State v. Gwynne*, 2022-Ohio-4607 and held that "R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *Gwynne,* 2023-Ohio-3851.

{¶18} R.C. 2929.11 outlines the overriding purposes of felony sentencing. R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are to:

> protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those

purposes without imposing an unnecessary burden on state or local government resources.

**{¶19}** The statute further provides that a court accomplishes these purposes by considering "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The court must also impose a felony sentence that is "reasonably calculated" to accomplish the purposes prescribed in R.C. 2929.11(A) and to do so in a manner that is "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentencings imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶20}** R.C. 2929.12(B) and (C) outline factors that a court must consider in determining whether the offender's conduct is more serious or less serious than conduct that normally constitutes the offense. R.C. 2929.12(D) and (E) require the trial court to consider specified factors to determine whether the offender is likely to reoffend. These factors include whether at the time of the committed offense, the offender was under community control and whether the offender was previously adjudicated a delinquent child. R.C. 2929.12(D)(1).

**{¶21}** As to consecutive sentences, R.C. 2929.14(C)(4) provides that:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶22}**  The trial court addressed R.C. 2929.11, 2929.12 and 2929.14(C)(4) at the December 13, 2023 sentencing hearing and in its December 15, 2023 judgment entry.  At the hearing, the court explained that it had weighed the purposes and principles of sentencing, which included protecting the public from future crime by Appellant and punishing him by using the minimum sanctions that would accomplish those purposes without undue burden on state resources.  (Tr. at 7-8).  The court further indicated that it had considered incarceration, deterrence, and rehabilitation.  (Tr. at 8).  The court also found that Appellant was not amenable to community control and not imposing a prison sentence would demean the seriousness of his conduct and actions on the community.  (Tr. at 8).  These findings satisfy R.C. 2929.11.

**{¶23}**  The court also reasoned at the hearing that it had shown Appellant leniency when it granted Appellant six months of local incarceration and community control upon his guilty plea to having a weapon while under disability.  (Tr. at 6).  The court noted that despite this leniency of allowing Appellant to be in the community, he nevertheless committed domestic violence and violated his community control sanction.  (Tr. at 7-8).  This demonstrates that the trial court considered R.C. 2929.12.

**{¶24}**  The court further explained at the sentencing hearing that Appellant had incurred numerous violations of the law, including possession of drugs, unprosecuted domestic violence, and having a gun.  (Tr. at 6-7).  The court again noted that Appellant was under community control and it had been lenient until Appellant violated the law and showed that his conduct was part of a pattern.  (Tr. at 6-7).  The court concluded that it would not wait for someone to get hurt or for Appellant to commit even more serious

criminal conduct. (Tr. at 6-7). The court stated at the hearing that it considered the seriousness of Appellant's conduct and his criminal history. (Tr. at 6, 10). R.C. 2929.12(B) identifies the offender's past criminal conduct and committing an offense while on community control as factors for the court to consider. Thus, the court considered the relevant statutes that Appellant complains it did not consider.

{¶25} The court's December 15, 2023 judgment entry also demonstrates that it had considered R.C. 2929.11, 2929.12, and 2929.14. The court specifically stated that it had considered the principles and purposes of sentencing as outlined in those statutes. The court explained that consecutive sentences were necessary to protect the public from Appellant's future crimes and to punish him. The court found that consecutive sentences were not disproportionate to the seriousness of Appellant's conduct and to the danger he posed to the public. The court additionally found that Appellant's offenses were part of a course of conduct that no single prison term imposed for any of the committed offenses in that pattern of conduct would adequately reflect the seriousness of Appellant's conduct. The court also noted that Appellant had committed more than one offense in the case. The court also specifically indicated in its judgment entry that it considered the seriousness and recidivism factors identified in R.C. 2929.12.

{¶26} In addition, the court found at both the sentencing hearing and in its judgment entry that Appellant was not amenable to community control as he was currently before the court for violating community control. (Tr. at 8). The court further found that Appellant's offenses were part of a course of conduct for which no single term of prison for any of the offenses was sufficient to reflect the seriousness of his conduct. (Tr. at 10). Each of these findings are reflected in R.C. 2929.14(C)(4)(a). The court also discussed Appellant's history of criminal conduct and held that this history demonstrated that consecutive sentences were necessary to protect the public from future crime from Appellant. (Tr. at 10). These findings establish that the trial court considered the statutes Appellant asserts it did not consider in imposing consecutive sentences.

{¶27} Accordingly, Appellant's sole assignment of error lacks merit and is overruled. We hold that the trial court's findings at the sentencing hearing and in its sentencing entry suffice to meet the legal requirements for imposing consecutive sentences. The trial court's judgment is hereby affirmed.

Robb, P.J., concurs.

Dickey, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**